**Osbun WALTON, Petitioner–Appellant,**

v.

**Tom L. CAREY, Warden, Respondent– Appellee.**

**No. 02–55577.**

United States Court of Appeals, Ninth Circuit.

Submitted May 1, 2006.*

Decided May 17, 2006.

Osbun Walton, RJDCF—R.J. Donovan Correctional Facility, San Diego, CA, pro se.

Karyn H. Bucur, Attorney at Law, Laguna Hills, CA, for Petitioner–Appellant.

Richard S. Moskowitz, Esq., Jim Hart, Esq., AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: LAY,** KLEINFELD, and SILVERMAN, Circuit Judges.

MEMORANDUM ***

Osbun Walton appeals the district court's denial of his petition for habeas corpus. We affirm.

The district court's denial of a writ for habeas corpus is reviewed by this court de novo. *Lambert v. Blodgett,* 393 F.3d 943, 964 (9th Cir.2004). Habeas relief may not be granted unless the state court adjudication was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2)

First, Walton alleges the prosecutor exercised a peremptory challenge to excuse an African–American juror in violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The state trial court considered the prosecutor's proffered explanation and Walton's *Batson* objections and found the prosecutor's explanation for the challenge to be credible. The California Court of Appeal upheld this determination. On habeas review, we may not substitute our evaluation of the record for that of the state court. *See Rice v. Collins*, —— U.S. ——, 126 S.Ct. 969, 973–76, 163 L.Ed.2d 824 (2006). While reasonable minds might differ on the record, there is no reason in this case to reject the state court's *Batson* determination, and the California Court of Appeal's decision is not contrary to clearly established federal law.

Second, Walton argues he was denied effective assistance of counsel. Walton was charged with a co-defendant who testified during the trial. Walton argues his counsel should have requested jury instruction CALJIC 3.18, which tells the jury they may view an accomplice's testimony with distrust. At the time of Walton's trial, the Use Note for CALJIC 3.18 specifically provided that the jury instruction was not applicable to cases where a co-defendant testified on his own behalf "denying participation in the crime but implicating another defendant." Trial counsel's failure to make what would likely be a futile jury instruction request was not an error "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Moreover, Walton was not prejudiced by any jury instruction error in light of the other jury instructions given. *See id.* at 694, 104 S.Ct. 2052.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.