**Ronald Willis LEWIS, Petitioner—Appellant,**

v.

**Art CALDERON, Respondent—Appellee.**

**No. 05–55111.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 3, 2006.

Decided July 18, 2006.

Before: SCHROEDER, Chief Judge, BRIGHT * and PREGERSON, Circuit Judges.

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

## MEMORANDUM **

Defendant/appellant, Ronald Willis Lewis, appeals the district court's dismissal of his petition for writ of habeas corpus under 28 U.S.C. § 2254. Lewis contends that the state court prosecutor's proffered reasons for excluding black jurors were pretexts for racial discrimination in violation of his constitutional rights. *See Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); and *People v. Wheeler*, 22 Cal.3d 258, 148 Cal.Rptr. 890, 583 P.2d 748 (1978). The state trial court ruled that none of the proffered reasons for dismissing six of the seven black jurors was pretexual, and that ruling was upheld by the California appellate courts.

In federal court, on habeas review, we apply a highly deferential standard to state court findings of fact, and can disturb such findings only if there were an "unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *See* 28 U.S.C. § 2254(e)(1). Furthermore, we can disturb a state court's determination of law only if it was "contrary to" or "involved an unreasonable application of" clearly established federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Furman v. Wood*, 190 F.3d 1002, 1004 (9th Cir.1999).

The record in this case reflects that the prosecutor was asked to provide a justification for the peremptory strikes of each of the six black jurors in question. The prosecutor proffered a race neutral justification for each. Each justification was found by the trial court to have been supported in the context of the proceedings which the trial court was in the best position to understand and observe. As the Supreme Court recently emphasized in *Rice v. Collins*, — U.S. —, — — —,

126 S.Ct. 969, 975–76, 163 L.Ed.2d 824 (2006), when, as here, the issue of the validity of the proffered justification depends on credibility, the federal courts should not substitute their determination of such issues for the state trial court's.

The appellant relies upon the Supreme Court's earlier decision in *Miller–El v. Dretke*, 545 U.S. 231, 125 S.Ct. 2317, 162 L.Ed.2d 196 (2005) where the record compelled a different result. That result did not depend solely upon the evaluation of the credibility of proffered justifications, however. The record in *Miller–El* reflected, in addition, the shuffling of the jury to put white jurors ahead of black jurors, and disparate questioning of potential jurors depending on race. The record there compelled the conclusion that the proffered race neutral justifications for exclusion of the jurors was pretexual. No such conclusion is compelled in this case.

The issue in the context of this case is close and we may not have reached the same conclusion as the state court had we reviewed the record on direct appeal. The statutory limitations on the scope of federal court review compel affirmance of the district court's denial of relief.

AFFIRMED.

PREGERSON, Circuit Judge, dissenting.

PREGERSON, Circuit Judge.

I dissent. Six out of seven prospective black jurors, or 86%, were peremptorily struck by the prosecutor in this case. A high percentage of struck jurors is not the only factor to consider in a *Batson* case. But it seems to me beyond dispute that striking 86% of prospective black jurors is strong evidence of the prosecutor's intent to discriminate on the basis of race. In a

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

case where 91% of prospective black jurors were struck, the Supreme Court noted that "[h]appenstance is unlikely to produce this disparity." *Miller–El v. Dretke,* 545 U.S. 231, 125 S.Ct. 2317, 2325, 162 L.Ed.2d 196 (2005) (granting federal habeas relief and stating that prosecutor's use of peremptory strikes against 91% of prospective black jurors was "remarkable").

Furthermore, I believe that the prosecutor's justifications for excluding certain black jurors were almost certainly pretextual. Some of the ostensibly race-neutral reasons for excluding prospective black jurors were "equally on point as to some white jurors who served." *Id.* at 2325–26.

For example, a peremptory strike was used against prospective black juror Dr. N. Dr. N was a retired psychologist and licensed therapist who specialized in addiction medicine. During voir dire, he explained that he would be able to find the defendant guilty even if there was evidence of the defendant's psychological problems presented at trial. Dr. N also stated that despite his arrest for drunk driving thirty years earlier, he could be fair and impartial.

The prosecutor's principal explanation for using a peremptory strike against Dr. N was "occupational." Specifically, the prosecutor explained that Dr. N might draw upon his expertise as a psychologist if the defense presented evidence of the petitioner's psychiatric condition. Moreover, the prosecutor stated that she thought therapists were liberal. Finally, the prosecutor noted that Dr. N's prior arrest could affect him in the instant case.

The prosecutor's main justification for excluding Dr. N "cannot reasonably be accepted," *id.* at 2329, when we consider two of the white jurors the prosecutor did not strike, Juror 7647 and Juror 5248. Juror 7647 was a white doctor. During voir dire, Juror 7647 revealed that even though he was primarily a family medicine doctor, he had knowledge of psychiatric illnesses. Another white juror, Juror 5248, explained that she was a nurse in a psychiatric department at a VA hospital. As a nurse, she provided medication to veterans and worked with patients in group therapy. She also explained that she did not have any problem with the presentation of psychiatric issues in the case and would be able to put aside her professional knowledge and listen to the evidence.

It is plain that Jurors 7647 and 5248 had comparable occupational backgrounds that would have allowed them to draw on similar outside knowledge. As a doctor, Juror 7647 likely had more background knowledge of psychiatric illnesses than other lay jurors. Similarly, Juror 5248 had daily contact with psychiatric patients and undoubtedly had extensive knowledge of psychiatric issues. Both of these white jurors could have drawn on outside knowledge as easily as Dr. N, but only Dr. N was excluded by the prosecution. Here the differences between Dr. N and these two white jurors who were allowed to serve "seem far from significant." *Id.* at 2329. In my opinion, Dr. N was only excluded because he was black, not because of his occupation. This clearly supports the petitioner's contention that the prosecutor improperly excluded prospective black jurors because of their race. *See id.* at 2325 ("If a prosecutor's proffered reason for striking a black panelist applies just as well to an otherwise-similar nonblack who is permitted to serve, that is evidence tending to prove purposeful discrimination to be considered at *Batson'*s third step.").

This is only one example of the prosecutor's pretextual reasons for exercising peremptory strikes against black jurors. The prosecutor struck several other black jurors for similarly tenuous reasons. One prospective alternate juror was struck be-

cause she was a "young, single female who lack[ed] life experiences," while a white juror, whom the prosecutor described as "very young," was allowed to serve. Another prospective black juror was struck because of her "liberal manner of dress" that included earrings on the top and bottom of her ear and "real short pants." Looking at the details of the record against the backdrop of the extremely high percentage of prospective black jurors who were peremptorily struck, I can only conclude that the prosecutor improperly excluded those prospective jurors because of their race.

Accordingly, I must dissent.