**Darvon T. PAYNE, Petitioner— Appellant,**

v.

**Joe MCGRATH, Warden, Respondent— Appellee.**

No. 05–16969.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 26, 2006.

Darvon T. Payne, Crescent City, CA, pro se.

Ross C. Moody, San Francisco, CA, for Respondent–Appellee.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Darvon T. Payne, a California state prisoner, appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition, challenging his jury trial conviction for five counts of attempted murder. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review de novo a district court's ruling on the merits of a habeas corpus petition, *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir.2002), and we affirm.

Payne contends that the prosecutor violated his equal protection rights by excluding from the jury an African–American woman who lived in the city in which the

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

crime took place, citing *United States v. Bishop*, 959 F.2d 820, 825–26 (1992), to support his argument that residence can be used as a substitute for race in analyzing a violation under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The state courts found, however, that the prosecutor relied on neither the potential juror's race nor her residence when exercising the peremptory challenge, but instead questioned the veracity of the juror's responses during voir dire.

Payne has not demonstrated that the state courts' findings were an "unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *See* 28 U.S.C. § 2254(d)(2); *Rice v. Collins*, —— U.S. ——, 126 S.Ct. 969, 974–76, 163 L.Ed.2d 824 (2006) (holding, in the context of a *Batson* challenge, that the factual findings of a state court are presumed correct and can be rebutted only by "clear and convincing evidence"). Moreover, questioning a juror's veracity is sufficiently race-neutral and, as the state courts held, the prosecutor's explanation was non-discriminatory and did not violate the Equal Protection clause. *See Stubbs v. Gomez*, 189 F.3d 1099, 1105–06 (9th Cir. 1999) (holding that the prosecutor's exclusion of a potential juror did not violate the defendant's rights, despite a discussion of a potential juror's residence in a high crime neighborhood, when it was based on the potential juror's veracity). Accordingly, we affirm the district court's denial of habeas relief.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.