**Damon WYNN, Petitioner–Appellant,**

v.

**G.J. GIURBINO, Warden, Respondent–Appellee.**

No. 06–55603.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 8, 2007.*

Filed Feb. 12, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)

_____

William J. Genego, Jr., Esq., Nasatir Hirsch Podberesky & Genego, Santa Monica, CA, for Petitioner–Appellant.

James W. Bilderback, II, Esq., AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: NELSON, SILER,** and HAWKINS, Circuit Judges.

## MEMORANDUM ***

Wynn appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. He argues that the state violated the Equal Protection Clause of the United States Constitution when the prosecutor struck the single female African–American from the venire. He contends that the prosecutor's use of a peremptory challenge against this venire member was discriminatory on account of race, see *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) (prohibiting racial discrimination during jury selection) and gender, see *J.E.B. v. Alabama*, 511 U.S. 127, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994) (prohibiting gender discrimination during jury selection). Because Wynn's arguments lack merit, we **AFFIRM** the district court's decision denying the petition.

### A. The Gender Claim

Wynn's gender claim is procedurally barred and without merit. Wynn argues that the prosecutor evidenced gender discrimination in stating "as far as people who are overweight, women who are overweight, I feel that people who do not take care of themselves causes me concern as far as being able to sit on a jury." Wynn, however, did not raise a gender discrimination claim at trial, only a racial discrimination claim. Further, he did not raise the issue on appeal until he filed his reply brief. Because Wynn did not properly raise the gender claim below, he is prohibited from raising it on appeal. See *Windham v. Merkle*, 163 F.3d 1092, 1101 (9th Cir.1998).

Assuming *arguendo* that Wynn did not procedurally default his gender discrimination claim, his argument still fails. Through his statements, the prosecutor only evidenced a general concern with "people who are overweight." His use of the phrase "women who are overweight" was nothing more than a descriptive term of the jurors at issue, who happened to be women. As the trial court found, the pros-

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ecution provided a good faith reason for striking the jurors. The trial court was in the best position to determine the credibility of the prosecutor's good faith argument, and we afford that decision great deference. *See Tolbert v. Gomez,* 190 F.3d 985, 988–989 (9th Cir.1999).

## B. The Race Claim

■ Wynn's claim of racial discrimination during the jury selection process fails. A *Batson* challenge requires a three-step analysis. "First, the movant must make a prima facie showing that the prosecution has engaged in racially discriminatory use of a peremptory challenge. Second, once the trial court decides a prima facie case has been established, the burden shifts to the prosecutor to articulate a race-neutral explanation for the challenges. Third, the trial court must determine whether the defendant has established purposeful discrimination." *Tolbert,* 190 F.3d at 987–988.

Wynn's arguments do not compel us to reach the decision that "the trial court had no permissible alternative but to reject the prosecutor's race-neutral justifications and conclude [Wynn] had shown a *Batson* violation." *Rice v. Collins,* 546 U.S. 333, 126 S.Ct. 969, 975–76, 163 L.Ed.2d 824 (2006). Here, the trial court found that the prosecutor made a good faith strike of the only African–American on the venire and rejected Wynn's contention that the peremptory challenge was based on race. This decision is "presumed correct." *Id.* at 974. The trial court was in the best position to judge whether the prosecutor's race-neutral explanation was proper. The trial court's decision in this case comports with *Collins,* and the prosecutor did not violate the Equal Protection Clause. Further, Wynn's discrimination claim cannot withstand habeas review because the state court's decision rejecting his claim was not "contrary to" or did not involve "an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." *See Little v. Crawford,* 449 F.3d 1075, 1079 (9th Cir.2006).

**AFFIRMED.**

