Leo King **PARKER**, III, Petitioner—Appellant,

v.

Gail **LEWIS**, Respondent—Appellee.

No. 05–17289.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed Feb. 23, 2007.

Leo King Parker, III, Susanville, CA, pro se.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Arnold O. Overoye, Esq., Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

California state prisoner Leo King Parker, III, appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Parker contends that his counsel was ineffective in failing to make a timely request for a jury admonition regarding the prosecutor's allegedly impermissible comment on Parker's post-arrest silence. We agree with the California Court of Appeal and the district court that Parker has failed to establish either deficient performance or prejudice. *See Strickland v. Washington,* 466 U.S. 668, 687, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Accordingly, the district court properly denied this claim.

Parker next contends that the state trial court erred by failing to properly evaluate his claim of purposeful discrimination in the jury selection process and/or by finding that there was no purposeful discrimination by the prosecutor. Upon review of the record, we conclude that the state trial court's ruling on Parker's *People v. Wheeler,* 22 Cal.3d 258, 148 Cal.Rptr. 890, 583 P.2d 748 (1978), motion was neither contrary to nor an unreasonable application of clearly established federal law as deter-

mined by the Supreme Court, nor based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d); *Batson v. Kentucky,* 476 U.S. 79, 96–97, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Moreover, Parker has failed to rebut the presumption of correctness that attaches to the state courts' ultimate finding that the prosecutor did not purposefully discriminate. *See* 28 U.S.C. § 2254(e)(1); *Rice v. Collins,* 546 U.S. 333, 126 S.Ct. 969, 974, 163 L.Ed.2d 824 (2006). The district court thus properly denied this claim.

To the extent that Parker raises uncertified issues, we construe his arguments as a motion to expand the Certificate of Appealability, and we deny the motion. *See* 9th Cir. R. 22–1(e); *Hiivala v. Wood,* 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.