MEMORANDUM **
Defendant-Appellant Anji Lynn Baker (“Baker”), a state prisoner, appeals the district court’s denial of his habeas petition. Baker was convicted of forcible sodomy and forcible oral copulation under the California Penal Code §§ 286(c) and 288a(c). He was sentenced to 26 years in prison.
We review the district court’s denial of Baker’s habeas petition de novo. Schell v. Witek, 218 F.3d 1017, 1022 (9th Cir.2000). Baker’s habeas petition is subject to the deferential standards established by the Antiterrorism and Effective Death Penalty Act of 1996 (“AEDPA”). Here, we must determine whether the state court proceedings “resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court....” 28 U.S.C. § 2254(d).[1]
We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I. Batson Claim

During voir dire, the prosecutor used two of his peremptory challenges to strike V. Bradley and S. Russell, the only two African-American prospective jurors, from the panel. Baker’s counsel moved to dismiss the panel under People v. Wheeler, 22 *480 Cal.3d 258, 148 Cal.Rptr. 890, 583 P.2d 748 (1978).[2] The prosecutor stated that he had excused Bradley because she had a brother who was a defendant in a sexual assault case. Baker does not contest Bradley’s dismissal. The prosecutor further stated that he had excused Russell for three reasons. First, Russell was reading in the jury box while the rest of the jurors were being called. Second, Russell revealed that he had been the victim of a drive-by shooting, which the prosecutor believed indicated ties to criminal activity. Third, when the court asked prospective jurors about unpleasant experiences with law enforcement officers, Russell was allegedly shifting in his chair, moving his eyes, and emitting heavy sighs.
The court denied Baker’s Wheeler motion. Deference is afforded to the trial court to determine whether the prosecutor’s explanation for dismissing a member of the venire is credible. Rice v. Collins, 546 U.S. 333, 338-39, 126 S.Ct. 969, 163 L.Ed.2d 824 (2006). As long as the prosecutor presents a “comprehensible reason” and his motive is not inherently discriminatory, his explanation need not be “persuasive, or even plausible” to suffice. Id. at 338, 126 S.Ct. 969. The state appellate court affirmed the trial court’s findings that the prosecutor was motivated by factors other than race — specifically, by the permissible inferences that Russell would not take jury duty seriously, had ties to criminal activity, and had negative experiences with police officers. The court’s decision was neither contrary to nor an unreasonable application of federal law.

II. Confrontation Clause and Due Process Clause Claims

On cross-examination of witness Amber, defense counsel attempted to elicit testimony that Amber had brought out her “trophy blanket” to prepare for her encounter with Baker. Defense counsel stated that she had evidence that Amber H. used a particular blanket for her frequent sexual encounters, and that the blanket was covered with semen stains and the initials of her various partners. The judge excluded evidence of the blanket under California’s rape shield law.
Baker argues that he should have been allowed to impeach Amber, and that the blanket was the most crucial impeachment evidence. He argues that the blanket shows that Amber had prepared for their sexual encounter and thus consented to it.
We must determine whether the state court’s exclusion of evidence unreasonably applied federal law such that Baker’s constitutional rights were violated and, if so, that violation had a prejudicial effect. See Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (holding that habeas petitioners are entitled to relief in federal court only when they can show that the state court’s constitutional error had a “substantial and injurious effect or influence in determining the jury’s verdict”). We conclude.that the exclusion of this evidence did not. violate Baker’s Sixth Amendment right of confrontation nor deprive him of his due process rights.
First, Baker was not denied the opportunity to present a complete defense. He testified at trial that he had engaged in consensual sex with the three witnesses and alleged victim, and that he had never forced or pressured any of his accusers into sexual acts. Baker also presented two *481 character witnesses. Second, defense counsel cross-examined the prosecution’s witnesses at length. While counsel was not allowed to question Amber about the blanket, she did elicit testimony that established that Amber was pregnant by another man at the time she had sex with Baker; that she willingly let Baker into her apartment and never asked him to leave; that she knew some karate moves, but did not use any of them during the alleged assault; and that she and Baker engaged in consensual kissing that did not feel threatening. The state appellate court concluded that Baker’s right to confront witnesses was not compromised by the trial court’s exclusion of evidence. The court’s decision was neither contrary to nor an unreasonable application of federal law.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. In conducting a review of a state court decision, federal courts “look to the last reasoned state-court decision.” Van Lynn v. Farmon, 347 F.3d 735, 738 (9th Cir.2003). The California Court of Appeals' opinion is the last reasoned state court decision.

. Wheeler is the California state court equivalent of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).