**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WAYNE C. HILL,

                Petitioner - Appellant,

  v.

JAMES E. TILTON, Secretary of the
California Department of Corrections and
Rehabilitation,

                Respondent - Appellee.

No. 08-56826

D.C. No. 5:06-cv-01049-DDP-SH

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted May 4, 2010[**]
Pasadena, California

Before: O'SCANNLAIN and TALLMAN, Circuit Judges, and LEFKOW, District
Judge.[***]

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Joan H. Lefkow, United States District Judge for the
Northern District of Illinois, sitting by designation.

Petitioner-Appellant Wayne Hill appeals the denial of his petition for a writ of habeas corpus alleging ineffective assistance of both trial counsel and appellate counsel in the state court proceedings in which Hill was convicted of fifteen felonies. The district court denied Hill's ineffective assistance of trial counsel claim after reviewing the California Court of Appeal's decision under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The district court also denied Hill's ineffective assistance of appellate counsel claims, which it reviewed de novo because there was no reasoned state court decision addressing the merits. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

## I

The San Bernardino County Superior Court held an evidentiary hearing and made the factual determination that Hill's trial counsel made a "tactical decision" in deciding not to call Darryl Bridges as a witness. The California Court of Appeal affirmed the trial court. We review the state court's factual determinations under AEDPA, which provides that federal courts may only grant habeas relief in cases where the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *Taylor v. Maddox*, 366 F.3d 992, 999–1000 (9th Cir. 2004) (stating that § 2254(d)(2) "applies most readily to situations where petitioner challenges the

state court's findings based entirely on the state record"); *see also Wood v. Allen*, 130 S. Ct. 841, 848 (2010) (noting that the appellate courts have split on whether a state court's factual determination should be reviewed under 28 U.S.C. § 2254(d)(2) or § 2254(e)(1)). The state court's factual finding that trial counsel made a tactical decision is not "unreasonable."

At the evidentiary hearing, trial counsel testified that he reviewed transcripts of Bridges's interviews with police and his testimony from a separate preliminary hearing, in addition to speaking with Bridges during Hill's trial about what Bridges's testimony would be if he were called as a witness. Based on that investigation, trial counsel testified that he did not call Bridges as a witness because Bridges's testimony was internally inconsistent and would have conflicted with another witness's testimony that was favorable to Hill. The only evidence Hill presented to refute trial counsel's testimony was a declaration signed by Bridges stating that the statements he made to the authorities were consistent with testimony he would have given at trial.

In essence, the California court was forced to make a credibility determination between trial counsel's testimony that there were inconsistencies and Bridges's declaration stating that there were no inconsistencies. We have been reversed by the Supreme Court when we attempt to substitute our credibility

determinations for those of the state court. *See Rice v. Collins*, 546 U.S. 333, 341–42 (2006). "Reasonable minds reviewing the record might disagree about the prosecutor's credibility, but on habeas review that does not suffice to supersede the trial court's credibility determination." *Id.* AEDPA does not allow us to "use a set of debatable inferences to set aside the conclusion reached by the state court." *Id.* at 342; *see Wood*, 130 S. Ct. at 849 ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."). Here, "even if it is debatable [that inconsistencies existed], it is not unreasonable to conclude that . . . counsel made a strategic decision." *See Wood*, 130 S. Ct. at 850.

We also believe that the state court did not act contrary to federal law in finding that trial counsel's strategic decision comported with objective standards. Trial counsel decided not to call Bridges after reviewing Bridges's prior statements, meeting with Bridges, and reviewing the related prior trial testimony of Hill's co-defendant. Trial counsel was aware of Bridges's purported testimony and, after this investigation, he determined that it might negatively impact Hill's defense; this does not constitute deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 690 (1984) ("[S]trategic choices made after thorough

investigation of law and facts relevant to plausible options are virtually unchallengeable.").

## II

Hill alleges that he received ineffective assistance of appellate counsel during his direct appeal in state court because appellate counsel failed to challenge a jury instruction pertaining to witness Marlon Junor and his testimony. Hill's claim fails because he cannot show a "reasonable probability that, but for counsel's unprofessional errors," he would have succeeded on appeal. *See Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989). There is no reasonable probability that Hill would have succeeded on appeal because, when the jury instructions are considered as a whole, there is no likelihood the jury was misled by the allegedly erroneous instruction. *See People v. Morris*, 756 P.2d 843, 868–69 (Cal. 1988) (holding "additional cautionary instructions" negated any "likelihood the jury was misled" by an erroneous instruction), *overruled on other grounds by In re Sassounian*, 887 P.2d 527, 532–33 nn.5–6 (Cal. 1995). The jury was expressly told to disregard any instructions that were inapplicable based on its determination of the facts.

Hill next faults appellate counsel for failing to argue there was insufficient evidence to convict Hill of charges arising from the sexual assaults of two victims.

5

The record contains sufficient evidence to support the conclusion that Hill aided and abetted the crimes against one of the victims, making him liable for the underlying offenses under California Penal Code section 264.1, and the evidence showed he personally committed the simultaneous crimes against the other kidnap/rape victim. *See United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc). Consequently, Hill has not stated a valid claim of ineffective assistance of appellate counsel. *See Miller*, 882 F.2d at 1434 (recognizing that appellate counsel meets objective standards of competence and does not cause prejudice when he or she does not raise a "weak issue").

Finally, Hill contends that his appellate counsel rendered ineffective assistance by failing to raise a double jeopardy claim that certain convictions were lesser-included offenses of other convictions. The charges against Hill arose from distinct, individual acts and were thus not multiple convictions for the same act. *See People v. Clem*, 163 Cal. Rptr. 553, 558–59 (1980). Hill's appellate counsel was not deficient for failing to raise this issue in the state court direct appeal proceedings. *Miller*, 882 F.2d at 1434.

## III

The district court's denial of Hill's petition for a writ of habeas corpus is **AFFIRMED.**

6

Hill v. Tilton, No. 08-56826

LEFKOW, District Judge, dissenting:

Because I conclude that the California Court of Appeal's finding that petitioner's trial counsel made a "tactical decision" not to call Darryl Bridges as a witness was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding, and because its ultimate conclusion that counsel's performance did not fall outside the wide range of reasonable professional conduct was contrary to clearly established federal law, I respectfully dissent with respect to petitioner's attempted murder conviction.

Under 28 U.S.C. § 2254(d)(2), we determine whether the State court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Where the State court fails to consider and weigh relevant evidence that is highly probative and central to petitioner's claim, that failure can fatally undermine the fact-finding process, rendering the resulting factual finding unreasonable. *Taylor v. Maddox*, 366 F.3d 992, 1001 (9th Cir. 2004). The California Court of Appeal found that petitioner's counsel had investigated the possibility of calling Bridges to testify but made a "tactical decision" not to do so because he believed Bridges would not have provided credible or consistent testimony and instead chose to rely on the testimony of other credible witnesses. This finding lacks a basis in the State court

record and merely appears to be a wholesale adoption of counsel's testimony at the post-trial hearing.

The issue before the California Court of Appeal was whether trial counsel failed adequately to investigate and to introduce evidence that would have demonstrated petitioner's factual innocence, or raised sufficient doubt as to that question to undermine confidence in the verdict. *See Riley v. Payne,* 352 F.3d 1313, 1318 (9th Cir. 2003). Counsel's own testimony reveals that he did not adequately investigate the possibility of calling Bridges or any other witness[1] to rebut the account of the prosecution's star witness, Marlon Junor, regarding the events at the Whiskey Creek nightclub. Bridges was the only witness – other than Marcus Henderson, who was petitioner's codefendant and deeply implicated in the crimes – who could have offered exculpatory testimony on petitioner's behalf regarding his participation in the events underlying the attempted murder charge. Despite this fact, counsel does not appear to have conducted an "interview" of Bridges, as the California Court of Appeal characterized it. Rather, counsel talked to Bridges briefly in the hallway during the trial, after Henderson had already testified in his own defense.

---

[1] Counsel admitted that he did not attempt to locate any potentially exculpatory witnesses regarding the events at Whiskey Creek even though he had the funds to do so. He testified that he did not believe any private investigation was necessary.

Insofar as counsel claimed to have based his decision not to call Bridges on inconsistencies in Bridges's prior testimony and police statements, the record reveals that counsel was unable to identify a single inconsistency. Furthermore, counsel's assertion that he did not call Bridges because he believed his testimony would conflict with that of Henderson, thus undermining Bridges's credibility, is unsupported by the record. Both Bridges and Henderson agreed on the salient issues: that Junor was not present and, more importantly, that petitioner was not aware that Bridges and Arthur Gee planned to commit any crimes at Whiskey Creek. Lastly, counsel was either unaware or disregarded that Bridges had turned himself into the police and led them to Henderson, a significant fact that counsel admitted would have enhanced Bridges's credibility.

Because the California Court of Appeal adopted counsel's explanations for not calling Bridges as a witness even though his explanations were undermined by the evidence in the record before it, I conclude that it unreasonably determined the facts when it found that counsel made a tactical decision not to call Bridges.[2]

_____

[2] The majority characterizes the State court's finding that counsel made a tactical decision as a credibility determination between counsel's testimony that Bridges's statements were inconsistent and Bridges's declaration that they were not. Finding that this creates a "debatable inference" about which reasonable minds can differ, the majority concludes that the State court could not have made an unreasonable determination. This characterization is inaccurate. The State court was not, as the majority suggests, forced to make a credibility determination between counsel's testimony and Bridges' declaration in order to decide whether petitioner had received ineffective assistance. Rather, the State court had and was

I would further rule that the California Court of Appeal's ultimate legal conclusion, that counsel's "tactical decision not to call upon the testimony of an unreliable witness did not fall outside the wide range of reasonable professional conduct," was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1).[3] By adopting counsel's bare assertion that his decision was tactical, the California Court of Appeal concluded perforce that counsel's performance was sufficient and failed to evaluate the potential benefit of Bridges's testimony. For the reasons stated above, I would find that counsel's performance was constitutionally deficient. Furthermore, I would conclude that petitioner was prejudiced. Had Bridges

obligated to consider the entire record before it. That record demonstrates that Bridges' proposed testimony would not have been inconsistent with that given by Henderson at trial. Thus, counsel's explanation was undermined by more than merely Bridges's declaration. Furthermore, the majority's opinion "regrettably fails to consider whether the decision [to investigate fully avenues of mitigating evidence] was also 'strategic' as a matter of fact." *Wood v. Allen*, 130 S. Ct. 841, 853 (2010) (Stevens, J., dissenting). Given that counsel admitted he did not conduct any private investigation and only briefly and belatedly spoke with Bridges, I cannot conclude that counsel's decision was strategic as a matter of fact.

[3] "[A] federal court reviewing a state court conclusion on a mixed issue involving questions both of fact and law must first separate the legal conclusions from the factual determinations that underlie it. Fact-finding underlying the state court's decision is accorded the full deference of §§ 2254(d)(2) and (e)(1), while the state court's conclusion as to the ultimate legal issue – or the application of federal law to the factual findings – is reviewed per § 2254(d)(1) in order to ascertain whether the decision is 'contrary to, or involved an unreasonable application of, clearly established' Supreme Court precedent." *Lambert v. Blodgett*, 393 F.3d 943, 977-78 (9th Cir. 2004).

testified, he could have corroborated co-defendant Henderson's testimony and directly impeached Junor on the critical point that petitioner was not aware that Henderson and Gee intended to commit a robbery at Whiskey Creek and, indeed, learned of the shooting after it happened. Because counsel had no other credible direct evidence with which to impeach Junor, and in the context of the full record bearing on this issue, I would conclude that a reasonable probability exists that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

For these reasons, I would reverse petitioner's conviction of attempted murder and remand and order the district court to issue the writ on that charge. I would affirm the district court's decision in all other respects.

5