MEMORANDUM ***
Petitioner-Appellant Wayne Hill appeals the denial of his petition for a writ of habeas corpus alleging ineffective assistance of both trial counsel and appellate counsel in the state court proceedings in which Hill was convicted of fifteen felonies. The district court denied Hill’s ineffective assistance of trial counsel claim after reviewing the California Court of Appeal’s decision under the Anti-Terrorism and Effective Death Penalty Act (“AEDPA”). The district court also denied Hill’s ineffective assistance of appellate counsel claims, which it reviewed de novo because there was no reasoned state court decision addressing the merits. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
I
The San Bernardino County Superior Court held an evidentiary hearing and made the factual determination that Hill’s trial counsel made a “tactical decision” in deciding not to call Darryl Bridges as a witness. The California Coui't of Appeal affirmed the trial court. We review the state court’s factual determinations under AEDPA, which provides that federal courts may only grant habeas relief in cases where the state court decision “was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” 28 U.S.C. § 2254(d)(2); Taylor v. Maddox, 366 F.3d 992, 999-1000 (9th Cir.2004) (stating that § 2254(d)(2) “applies most readily to situations where petitioner challenges the state court’s findings based entirely on the state record”); see also Wood v. Allen, — U.S. —, 130 S.Ct. 841, 848, — L.Ed.2d —.(2010) (noting that the appellate courts have split on whether a state court’s factual determination should be reviewed under 28 U.S.C. § 2254(d)(2) or § 2254(e)(1)). The state court’s factual finding that trial counsel made a tactical decision is not “unreasonable.”
At the evidentiary hearing, trial counsel testified that he reviewed transcripts of Bridges’s interviews with police and his testimony from a separate preliminary hearing, in addition to speaking with Bridges during Hill’s trial about what Bridges’s testimony would be if he were called as a witness. Based on that investigation, trial counsel testified that he did not call Bridges as a witness because Bridges’s testimony was internally inconsistent and would have conflicted with another witness’s testimony that was favorable to Hill. The only evidence Hill presented to refute trial counsel’s testimony was a declaration signed by Bridges stating that the statements he made to the authorities were consistent with testimony he would have given at trial.
In essence, the California court was forced to make a credibility determination between trial counsel’s testimony that there were inconsistencies and Bridges’s declaration stating that there were no in *641 consistencies. We have been reversed by the Supreme Court when we attempt to substitute our credibility determinations for those of the state court. See Rice v. Collins, 546 U.S. 333, 341-42, 126 S.Ct. 969, 163 L.Ed.2d 824 (2006). “Reasonable minds reviewing the record might disagree about the prosecutor’s credibility, but on habeas review that does not suffice to supersede the trial court’s credibility determination.” Id. AEDPA does not allow us to “use a set of debatable inferences to set aside the conclusion reached by the state court.” Id. at 342, 126 S.Ct. 969; see Wood, 130 S.Ct. at 849 (“[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.”). Here, “even if it is debatable [that inconsistencies existed], it is not unreasonable to conclude that ... counsel made a strategic decision.” See Wood, 130 S.Ct. at 850.
We also believe that the state court did not act contrary to federal law in finding that trial counsel’s strategic decision comported with objective standards. Trial counsel decided not to call Bridges after reviewing Bridges’s prior statements, meeting with Bridges, and reviewing the related prior trial testimony of Hill’s co-defendant. Trial counsel was aware of Bridges’s purported testimony and, after this investigation, he determined that it might negatively impact Hill’s defense; this does not constitute deficient perform■anee. See Strickland v. Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (“[Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.”).
II
Hill alleges that he received ineffective assistance of appellate counsel during his direct appeal in state court because appellate counsel failed to challenge a jury instruction pertaining to witness Marlon Junor and his testimony. Hill’s claim fails because he cannot show a “reasonable probability that, but for counsel’s unprofessional errors,” he would have succeeded on appeal. See Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir.1989). There is no reasonable probability that Hill would have succeeded on appeal because, when the jury instructions are considered as a whole, there is no likelihood the jury was misled by the allegedly erroneous instruction. See People v. Morris, 46 Cal.3d 1, 249 Cal.Rptr. 119, 756 P.2d 843, 868-69 (1988) (holding “additional cautionary instructions” negated any “likelihood the jury was misled” by an erroneous instruction), overruled on other grounds by In re Sassounian, 9 Cal.4th 535, 37 Cal.Rptr.2d 446, 887 P.2d 527, 532-33 nn. 5-6 (Cal.1995). The jury was expressly told to disregard any instructions that were inapplicable based on its determination of the facts.
Hill next faults appellate counsel for failing to argue there was insufficient evidence to convict Hill of charges arising from the sexual assaults of two victims. The record contains sufficient evidence to support the conclusion that Hill aided and abetted the crimes against one of the victims, making him liable for the underlying offenses under California Penal Code section 264.1, and the evidence showed he personally committed the simultaneous crimes against the other kidnap/rape victim. See United States v. Nevils, 598 F.3d 1158, 1163-64 (9th Cir.2010) (en banc). Consequently, Hill has not stated a valid claim of ineffective assistance of appellate counsel. See Miller, 882 F.2d at 1434 (recognizing that appellate counsel meets objective standards of competence and does not cause prejudice when he or she does not raise a “weak issue”).
*642 Finally, Hill contends that his appellate counsel rendered ineffective assistance by failing to raise a double jeopardy claim that certain convictions were lesser-inelud-ed offenses of other convictions. The charges against Hill arose from distinct, individual acts and were thus not multiple convictions for the same act. See People v. Clem, 104 Cal.App.3d 337, 163 Cal.Rptr. 553, 558-59 (1980). Hill’s appellate counsel was not deficient for failing to raise this issue in the state court direct appeal proceedings. Miller, 882 F.2d at 1434.
Ill
The district court’s denial of Hill’s petition for a writ of habeas corpus is
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.