NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2697
_____

CHRISTOPHER BOYD,
                            Appellant

v.

SUPERINTENDENT WAYMART SCI;
DISTRICT ATTORNEY OF PHILADELPHIA COUNTY, PENNSYLVANIA;
ATTORNEY GENERAL, COMMONWEALTH OF PENNSYLVANIA
_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-06-cv-00491
District Judge: The Honorable Edmund V. Ludwig

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 6, 2015

Before: FUENTES, SMITH, and NYGAARD, *Circuit Judges*

(Filed: December 17, 2015)
_____

OPINION*
_____


SMITH, *Circuit Judge.*

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In July of 2000, Christopher Boyd brutally beat Raymond Jones with a baseball bat. Boyd was charged with committing several Pennsylvania criminal offenses, including attempted murder. A plea offer was tendered to trial counsel in January of 2001, which would have required that Boyd serve a sentence of four to eight years (48 to 96 months).[1] The offer was deemed "unacceptable" by counsel. Thereafter, on October 29, 2001, Boyd entered an open guilty plea in the Court of Common Pleas of Philadelphia County, Pennsylvania, to aggravated assault and possession of an instrument of crime. Several other charges, including the attempted murder charge, were nol prossed. The Pennsylvania standard sentencing guideline range was 54 to 72 months plus or minus 12 months. On December 18, 2001, the state court sentenced Boyd to 96 to 264 months of imprisonment. Boyd filed a timely appeal to the Pennsylvania Superior Court.

On direct appeal and represented by new counsel, Boyd presented several arguments, including a claim that he had been prejudiced by counsel's deficient performance during the plea-bargaining stage of his case. Boyd's brief on direct appeal asserted that trial counsel had been ineffective because he failed to discuss the merits of accepting the prosecution's offer with the defendant.

On November 18, 2002, the Superior Court of Pennsylvania affirmed Boyd's conviction and sentence. After considering Boyd's affidavit in support of his ineffectiveness claim and the transcript of the change of plea proceeding, the Superior Court concluded that

---

[1] The Commonwealth maintains that the plea deal was for four to ten years, not four to eight.

2

counsel informed [Boyd] of the existence of the first plea bargain and the recommended sentence. [Boyd] did not accept the first plea bargain. Instead, on the advice of counsel, [Boyd] entered an open guilty plea, creating an opportunity for the court to impose a less lengthy term of imprisonment. Thus, counsel fully informed [Boyd] about the availability of the original plea offer, but [Boyd] decided to take his chances on the discretion of the court as to sentencing.

Thereafter, Boyd pursued relief under the Pennsylvania Post-Conviction Relief Act (PCRA). This time Boyd presented a different ineffectiveness claim. He alleged, *inter alia,* that trial counsel was constitutionally ineffective for rejecting a plea offer without first discussing the terms of the offer with him. The trial court denied Boyd's PCRA ineffectiveness claim on the basis that it had been previously litigated.

The Superior Court recognized that Boyd's PCRA ineffectiveness claim was not the same as the claim Boyd had pressed on direct appeal. Nonetheless, because the Superior Court previously determined that Boyd's counsel had informed Boyd of, and discussed the terms of, the first plea offer with him, it reasoned that Boyd's new claim, which required the court "to accept the contrary conclusion that trial counsel did not discuss the plea agreement with [Boyd]," qualified as a previously litigated issue. Having "rejected the factual predicate of Boyd's PCRA ineffectiveness claim, [the Superior Court] did not have occasion to apply either prong of the *Strickland* test." *Boyd v. Waymart*, 579 F.3d 330, 336 n.7 (3d Cir. 2009) (en banc).

Boyd then filed a timely § 2254 petition in the United States District Court for the Eastern District of Pennsylvania, raising the same ineffectiveness claim presented in his PCRA proceeding. A magistrate judge conducted an evidentiary hearing. Thereafter, the District Court granted Boyd a conditional writ of habeas corpus.

3

The Commonwealth appealed. Sitting en banc, we concluded that Boyd exhausted his claim, that it was not procedurally defaulted, *id.* at 367-68, and that it was governed by the test for ineffectiveness articulated in *Strickland*, *id.* at 332 (citing *Strickland v. Washington*, 466 U.S. 668, (1984)). Because the Superior Court had rejected the factual predicate for the PCRA ineffectiveness claim, we concluded that there had been an adjudication on the merits and that the deferential standard of review set out in the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d)(2), applied. 579 F.3d at 332, 336. Thus, the District Court's application of de novo review had been error. For that reason, we reversed the judgment of the District Court and remanded for further proceedings. In addition to directing the District Court to apply AEDPA's deferential standard, we instructed the District Court to determine if the federal evidentiary hearing could be considered in resolving Boyd's claim in light of AEDPA's limitations on evidentiary hearings set out in § 2254(e)(2). 579 F.3d at 336-37.

On remand, the District Court concluded that it could not consider the evidence adduced at the federal hearing because Boyd had failed to develop that claim in state court. *See* 28 U.S.C. § 2254(e)(2). Considering only the record from the state court, the District Court decided that the Superior Court had reasonably determined that trial counsel had "informed Boyd of the initial plea offer and Boyd chose not to accept it." The District Court further concluded that Boyd had failed to demonstrate that he had been prejudiced by counsel's performance.

This timely appeal followed. We granted a certificate of appealability.[2] Boyd argues that the Superior Court's findings of fact are "unreasonable" under § 2254(d)(2), and that relief should be granted under de novo review.

In determining whether the state court decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2), we must be mindful that "a state-court factual determination is not unreasonable merely because [we] would have reached a different conclusion in the first instance. . . . even if '[r]easonable minds reviewing the record might disagree' about the finding in question, 'on habeas review that does not suffice to supersede the trial court's . . . determination.'" *Wood v. Allen*, 558 U.S. 290, 301 (2010) (quoting *Rice v. Collins*, 546 U.S. 333, 341-42 (2006)). *See also Brumfield v. Cain,* 135 S. Ct. 2269, 2277 (2015) (reiterating the same). A state court factual finding, however, is unreasonable under § 2254(d)(2) if "it [is] not supported by the record." *Rolan v. Vaughn*, 445 F.3d 671, 681 (3d Cir. 2006).

In conducting our review under § 2254(d)(2), deference must be given to "factual determinations of both state trial and appellate courts." *Lewis v. Horn*, 581 F.3d 92, 111 (3d Cir. 2009). Deference is due under AEDPA for not only express findings by a state court, but also implicit findings of fact. *Id.*; *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000).

---

[2] The District Court exercised jurisdiction under 28 U.S.C. §§ 1331 and 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253.

Here, on direct appeal, Boyd presented a claim of ineffectiveness that asserted his counsel's performance was deficient because counsel failed to fully advise Boyd about the significance of the plea offer. The claim, by its nature, acknowledged there was interaction between Boyd and his trial counsel. The brief made this point explicit, stating that "[a]lthough [Boyd] accepted the advice of trial counsel and rejected the plea, the advice was faulty, as trial counsel did not *fully* review and explain to [Boyd] either what the Pennsylvania Sentencing Guidelines called for in a case such as his, nor discuss[ed] the likelihood of a stiff sentence because of the aggravating factual circumstances."

The Superior Court considered Boyd's affidavit and concluded that he had been informed of the existence of the first plea offer. In addition, the Superior Court stated that "counsel fully informed Appellant about the availability of the original plea offer, but [Boyd] decided to take his chances on the discretion of the court as to sentencing." Thereafter, the Superior Court noted that Boyd's guilty plea colloquy was thorough, that Boyd had affirmed that he had a chance to discuss his case with his trial counsel, and that he was satisfied with counsel's advice. After Boyd answered those inquiries, the trial court further asked if Boyd had talked to his counsel about wanting a jury or nonjury trial, "or whether [h]e wanted to plead guilty." Boyd answered: "yes," that he had discussed as much with counsel. The trial judge then advised Boyd that in light of these answers it would be unlikely that a "higher court would somehow find that his lawyer was ineffective or didn't do a good job." Boyd affirmed that he understood. Boyd further affirmed that he was pleading guilty of his own free will and that he had decided he wanted to plead guilty. And the Superior Court pointed out that Boyd pleaded guilty

6

even though he knew his sentence exposure was twelve and half years' to twenty-five years' imprisonment.

We conclude that the record, particularly the guilty plea colloquy, supports the Superior Court's determination that Boyd and his trial counsel discussed the plea offer. To be sure, Boyd's affirmation in his affidavit that trial counsel "did not discuss the offer directly with me on that date or at any other time" conflicts with Boyd's responses to the trial judge that he had in fact talked with counsel about his case and pleading guilty. Thus, the state court record conceivably supports both the Superior Court's determination that there was a discussion about the substance of the plea offer, as well as Boyd's subsequent assertion that there was never any discussion before the offer was rejected. Because the state court record can support either finding, we cannot conclude that the Superior Court's factual determination was unreasonable under § 2254(d)(2). For this reason, the Superior Court permissibly rejected the factual predicate for Boyd's subsequent PCRA ineffectiveness claim. In the absence of a factual basis for the PCRA ineffectiveness claim, which Boyd presented again in this federal habeas proceeding, there is no need for us to address either the performance or the prejudice prong of that claim. *See Boyd*, 579 F.3d at 336 n.7.

We will affirm the judgment of the District Court.