Justice Kennedy
delivered the opinion of the Court.
Concerned that, in this habeas corpus case, a federal court set aside reasonable state-court determinations of fact in favor of its own debatable interpretation of the record, we granted certiorari. Our review confirms that the Court of Appeals for the Ninth Circuit erred, misapplying settled rules that limit its role and authority.
*336 I
After a 4-day trial in the Superior Court of California for the County of Los Angeles, á jury convicted Steven Martell Collins on one count of possessing cocaine. The conviction was all the more serious because it subjected him to California’s three strikes rule for sentencing. The question at issue in this federal habeas corpus action, however, is the California courts’ rejection of Collins’ argument that the prosecutor struck a young, African-American woman, Juror 16, from the panel on account of her race. A second African-American juror was also the subject of a peremptory strike, and although Collins challenged that strike in the trial court, on appeal he objected only to the excusal of Juror 16.
Even prior to this Court’s decision in Batson v. Kentucky, 476 U. S. 79 (1986), California courts barred peremptory challenges to jurors based on race. People v. Wheeler, 22 Cal. 3d 258, 583 P. 2d 748 (1978). Although our recent decision in Johnson v. California, 545 U. S. 162 (2005), disapproved of the manner in which Wheeler and Batson were implemented in some California cases, the state courts in this case used the correct analytical framework in considering and ruling upon the objection to the prosecutorial strike.
As race-neutral explanations for striking Juror 16, the prosecutor said that Juror 16 had rolled her eyes in response to a question from the court; that Juror 16 was young and might be too tolerant of a drug crime; and that Juror 16 was single and lacked ties to the community. A further, more troubling part of the prosecutor’s unorganized explanation was her reference to Juror 16’s gender. The trial court, correctly, disallowed any reliance on that ground. The trial court, furthermore, which had the benefit of observing the prosecutor firsthand over the course of the proceedings, rejected Collins’ challenge.
“With regard to 016, the court, frankly, did not observe the demeanor of Ms. 016 that was complained of by *337 the District Attorney; however, Ms. 016 was a youthful person, as was [a white male juror the prosecutor also dismissed by peremptory challenge]. And one or more prospective jurors also.
“The Court is prepared to give the District Attorney the benefit of the doubt as to Ms. 016.” 2 App. 14-16.
The California Court of Appeal upheld the conviction and the trial court’s ruling on the peremptory challenge. People v. Collins, No. B106989 (Dec. 12, 1997), App. H to Pet. for Cert. 112-117. In its view, youth was a legitimate reason to exercise a peremptory challenge; and, even if it were not, Juror 16’s demeanor also supported the strike. Id., at 116. According to its review of the record, nothing suggested the trial court failed to conduct a searching inquiry of the prosecutor’s reasons for striking Juror 16. Id., at 116-117. The appeals court thus upheld the trial court’s ultimate conclusion to credit the prosecutor. Ibid. Without comment, the Supreme Court of California denied Collins’ petition for review. App. F, id., at 96.
Collins sought collateral relief on this claim in federal court. The United States District Court for the Central District of California dismissed with prejudice Collins’ petition for a writ of habeas corpus. App. D, id., at 91. A divided panel of the Court of Appeals for the Ninth Circuit reversed and remanded with instructions to grant the petition. 348 F. 3d 1082 (2003), amended and superseded by 365 F. 3d 667 (2004). Noting that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governed Collins’ petition, the panel majority concluded that it was an unreasonable factual determination to credit the prosecutor’s race-neutral reasons for striking Juror 16. Id., at 679. Judge Hall dissented, id,, at 687-691; and later, over the dissent of five judges, the Court of Appeals declined to rehear the case en banc, id., at 670-673. Though it recited the proper standard of review, the panel majority improperly substituted its evaluation of the record for that of the state *338 trial court. We granted the petition for certiorari, 545 U. S. 1151 (2005), and now reverse.
A defendant’s Batson challenge to a peremptory strike requires a three-step inquiry. First, the trial court must determine whether the defendant has made a prima facie showing that the prosecutor exercised a peremptory challenge on the basis of race. 476 U. S., at 96-97. Second, if the showing is made, the burden shifts to the prosecutor to present a race-neutral explanation for striking the juror in question. Id., at 97-98. Although the prosecutor must present a comprehensible reason, “[t]he second step of this process does not demand an explanation that is persuasive, or even plausible”; so long as the reason is not inherently discriminatory, it suffices. Purkett v. Elem, 514 U. S. 765, 767-768 (1995) (per curiam). Third, the court must then determine whether the defendant has carried his burden of proving purposeful discrimination. Batson, supra, at 98. This final step involves evaluating “the persuasiveness of the justification” proffered by the prosecutor, but “the ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike.” Purkett, supra, at 768.
On direct appeal in federal court, the credibility findings a trial court makes in a Batson inquiry are reviewed for clear error. Hernandez v. New York, 500 U. S. 352, 364-366 (1991) (plurality opinion) (holding that evaluation of a prosecutor’s credibility “lies ‘peculiarly within a trial judge’s province’ ”). Under AEDPA, however, a federal habeas court must find the state-court conclusion “an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” 28 U. S. C. § 2254(d)(2). Thus, a federal habeas court can only grant Collins’ petition if it was unreasonable to credit the prosecutor’s race-neutral explanations for the Batson challenge. State-court factual findings, more *339 over, are presumed correct; the petitioner has the burden of rebutting the presumption by “clear and convincing evidence.” § 2254(e)(1). See Miller-El v. Dretke, 545 U. S. 231, 240 (2005). Although the Ninth Circuit assumed § 2254(e)(1)’s presumption applied in this case, 365 F. 3d, at 677, the parties disagree about whether and when it does. We need not address that question. Even assuming, argu-endo, that only § 2254(d)(2) applied in this proceeding, the state-court decision was not an unreasonable determination of the facts in light of the evidence presented in the state court.
Because the California Court of Appeal accepted the trial court’s credibility finding, the panel majority inquired whether the appellate court made an unreasonable factual determination. See id., at 682. The panel majority’s analysis and conclusions, however, depended entirely on its view of the trial court’s credibility holding. The panel majority found no error in the trial court’s proceedings or rulings in the first two steps of the Batson inquiry. 365 F. 3d, at 677-678. It disagreed, however, with the trial court’s conclusions on the third step, holding that it was unreasonable to accept the prosecutor’s explanation that Juror 16 was excused on account of her youth and her demeanor. Id., at 678-687. We conclude the Ninth Circuit erred, for the trial court’s credibility determination was not unreasonable.
Noting that the trial court had not witnessed Juror 16’s purported eye rolling, the panel majority concluded that no reasonable factfinder could have accepted the prosecutor’s rendition of the alleged incident because the prosecutor’s conduct completely undermined her credibility. Id., at 683. Having before it only the trial court record, the Court of Appeals majority drew this conclusion based on three considerations: first, the prosecutor’s erroneous statement concerning another prospective African-American juror’s age; second, the prosecutor’s improper attempt to use gender as a basis for exclusion; and third, the majority’s skepticism to *340 ward the prosecutor’s explanation that she struck Juror 16 in part because of her youth and lack of ties to the community. Id., at 683-684.
The first reason the panel majority noted for rejecting the trial court’s credibility finding pertained not to Juror 16, the subject of Collins’ claim on appeal, but to another prospective African-American juror, Juror 19. The prosecutor referred to Juror 19 as “young” even though she was a grandmother. This reference to youth took place during a discussion about three prospective jurors, Jurors 6, 16, and 19. Jurors 6 and 16 were both young. As Judge Hall observed, it is quite plausible that the prosecutor simply misspoke with respect to a juror’s numerical designation, an error defense counsel may also have committed. Id., at 688; 2 App. 9. It is a tenuous inference to say that an accidental reference with respect to one juror, Juror 19, undermines the prosecutor’s credibility with respect to Juror 16. Seizing on what can plausibly be viewed as an innocent transposition makes little headway toward the conclusion that the prosecutor’s explanation was clearly not credible.
Second, the panel majority concluded that the trial court should have questioned the prosecutor’s credibility because of her “attempt to use gender as a race-neutral basis for excluding Jurors 016 and 019.” 365 F. 3d, at 684. Respondent’s trial occurred in August 1996, over two years after our decision in J. E. B. v. Alabama ex rel. T. B., 511 U. S. 127 (1994), made clear that discrimination in jury selection on the basis of gender violates the Equal Protection Clause. Although the record contains a somewhat confusing colloquy on this point, it can be read as indicating that one of the prosecutor’s aims in striking Juror 16 was achieving gender balance on the jury. Concerned about the constitutionality of such a strike, the trial court made clear that it would not accept gender as a race-neutral explanation. The panel majority assigned the gender justification more weight than it *341 can bear. The prosecutor provided a number of other permissible and plausible race-neutral reasons, and Collins provides no argument why this portion of the colloquy demonstrates. that a reasonable factfinder must conclude the prosecutor lied about the eye rolling and struck Juror 16 based on her race.
Finally, the panel majority believed to be unsupportable the prosecutor’s stated concern that Juror 16 might, as a young and single citizen with no ties to the community, be too tolerant of the crime with which respondent was charged. 365 F. 3d, at 680-682, 684. This was so, the majority concluded, because during voir dire Juror 16 replied affirmatively when asked if she believed the crime with which respondent was charged should be illegal and disclaimed any other reason she could not be impartial. Id., at 680. That the prosecutor claimed to hold such concerns despite Juror 16’s voir dire averments does not establish that she offered a pretext. It is not unreasonable to believe the prosecutor remained worried that a young person with few ties to the community might be less willing than an older, more permanent resident to impose a lengthy sentence for possessing a small amount of a controlled substance. Accord, id., at 690 (Hall, J., dissenting). Even if the prosecutor was overly cautious in this regard, her wariness of the young and the rootless could be seen as race neutral, for she used a peremptory strike on a white male juror, Juror 6, with the same characteristics. 2 App. 5, 14.
Viewing the panel majority’s concerns together, the most generous reading would suggest only that the trial court had reason to question the prosecutor’s credibility regarding Juror 16’s alleged improper demeanor. That does not, however, compel the conclusion that the trial court had no permissible alternative but to reject the prosecutor’s race-neutral justifications and conclude Collins had shown a Batson violation. Reasonable minds reviewing the record *342 might disagree about the prosecutor’s credibility, but on ha-beas review that does not suffice to supersede the trial court’s credibility determination.
The panel majority did not stop at the conclusion that the trial court rendered an unreasonable factual determination in light of the evidence presented. It further concluded that the state courts had unreasonably applied clearly established federal law as determined by this Court. 365 F. 3d, at 679; 28 U. S. C. § 2254(d)(1). The question whether a state court errs in determining the facts is a different question from whether it errs in applying the law. In this case there is no demonstration that either the trial court or the California Court of Appeal acted contrary to clearly established federal law in recognizing and applying Batson’s burden-framework. See 2 App. 14-15; App. H to Pet. for Cert. 114-116. The only question, as we have noted, is whether the trial court’s factual determination at Batson’s third step was unreasonable. For the reasons discussed above, we conclude it was not.
III
The panel majority’s attempt to use a set of debatable inferences to set aside the conclusion reached by the state court does not satisfy AEDPA’s requirements for granting a writ of habeas corpus. The judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.

It is so ordered.