Affirmed and Memorandum Opinion filed June 19, 2007








Affirmed and Memorandum Opinion filed June 19, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NOS. 14-05-01005-CR & 

          14-05-01007-CR

_______________

 

PATRICK ENCALADE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause Nos. 1023044, 1024674

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N








Patrick Encalade appeals his
convictions for possession of a firearm by a felon (cause number 1023044) and
fraudulent possession of identifying information (cause number 1024674)[1]
on the ground that the trial court erroneously overruled his Batson[2]
challenge and failed to dismiss the array after the State peremptorily struck
an African-American veniremember without a sufficient race-neutral
explanation.  We affirm.

A Batson challenge involves
three steps: (1) an objecting party must first make a prima facie showing that
a veniremember was peremptorily excluded on the basis of race; (2) the striking
party must then tender a race‑neutral reason for the strike; and (3) if a
race‑neutral reason is tendered, the objecting party must rebut the
explanation to prove purposeful discrimination.  Rice v. Collins, 126 S.
Ct. 969, 973-74 (2006); Shuffield v. State, 189 S.W.3d 782, 785 (Tex.
Crim. App. 2006), cert. denied, 127 S.Ct. 664 (2006).  As to the second
step, the reason need not be persuasive or even plausible; unless a
discriminatory intent is inherent in the prosecutor=s explanation, the reason offered
will be deemed race-neutral.  Purkett v. Elem, 514 U.S. 765, 767-68
(1995).  The burden of persuasion remains with the defendant to prove
purposeful discrimination.  Rice, 126 S.Ct. at 974.

A trial court=s ruling on a Batson claim is
reviewed under a clearly erroneous standard.  Gibson v. State, 144
S.W.3d 530, 534 (Tex. Crim. App. 2004). This is a more deferential standard
than abuse of discretion because the trial court is in the best position to
determine whether a prosecutor's facially race‑neutral explanation for a
peremptory strike is genuinely race‑neutral.  Id.

At the Batson hearing in this
case, the following exchange occurred at the bench:

DEFENSE COUNSEL: Judge, this is a
motion to order a new panel, disallow the State=s peremptory strikes because of
racial discrimination.  I see that the State has struck Juror No. 30.  I didn=t show where Juror No. 30 was
questioned at all . . . .

THE STATE: Judge, I have a response. 
During the time that I voir dired, I told the jurors on more than one occasion
I need to look each of you in the eye for an answer.  Each time I did that, I
looked at Juror No. 30.  His eyes were down.  He refused to look at me.

DEFENSE COUNSEL: Judge, I=m going to reurge my Batson motion in that the
State has used a strike based strictly on racial profiling, racial
discrimination for Juror No. 30. 

*                                  *                                  *








THE COURT: I=m
going to deny your Batson.

 

Appellant contends that the
prosecutor=s justification for striking Veniremember No. 30, his refusal to look the
prosecutor in the eye, was not race-neutral because the prosecutor never asked
him a question.  On the contrary, however, because appellant did not object to
the prosecutor=s observations of Veniremember No. 30,[3]
and because a lack of eye contact is not peculiar to any race, the prosecutor=s reason was not inherently
discriminatory, and, thus, constitutes a race-neutral explanation for this
purpose.  See Purkett, 514 U.S. at 769.








As the objecting party, appellant
therefore had the burden to develop a record showing that this explanation was
merely a pretext for discrimination,[4] but did not
do so.  See Shuffield, 189 S.W.3d at 785.  In the absence of such a
showing, we have no basis to conclude, under the clearly erroneous standard,
that the trial court erred in assessing the genuineness of the State=s purported race-neutral reason.[5] 
Accordingly, appellant=s issue is overruled, and the judgment of the trial court is
affirmed.

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Memorandum
Opinion filed June 19, 2007.

Panel consists of Justices Fowler,
Edelman, and Frost.

Do not publish C Tex.
R. App. P. 47.2(b).









[1]           In a single trial, a jury found appellant
guilty of both offenses, found the two enhancement paragraphs true for each
offense, and imposed a sentence of life imprisonment for the firearm possession
conviction and twenty years plus a $10,000 fine for the fraudulent possession
of identifying information conviction.





[2]           Batson v. Kentucky, 476 U.S. 79
(1986).





[3]           See Yarborough v. State, 947 S.W.2d
892, 895 (Tex. Crim. App. 1997) (reiterating that a counsel=s statement about an occurrence in the courtroom,
which was made for purposes of the record, recorded by the court reporter,
undisputed by opposing counsel, and unquestioned by the judge in whose presence
the statement was made, establishes the occurrence for purposes of the
appellate record and need not be supported by something other than counsel=s statement).





[4]           See, e.g., Miller-El v. Dretke,
545 U.S. 231, 241, 253-57 (2005) (finding that although the State provided a
racially neutral reason for peremptorily striking black jurors, the State=s decision to: (1) strike 91% of the eligible black
veniremembers; (2) seek a jury shuffle when a predominant number of blacks were
seated in the front of the panel; and (3) disparately treat prospective black
and white jurors showed pretext for racial discrimination); Mayr v. Lott,
943 S.W.2d 553 (Tex. App.CWaco 1997, no writ) (finding pretext, although the
State offered a race-neutral explanation for striking black veniremembers,
because of disparate treatment among white and black veniremembers with similar
characteristics); Young v. State, 848 S.W.2d 203 (Tex. App.CDallas 1992, pet ref=d) (finding that although the State gave a race-neutral reason for
striking a black veniremember, the facts showed disparate treatment of
prospective jurors on a racial basis).  The record before us does not indicate,
for example, whether Veniremember No. 30 truly refused to look at the
prosecutor, whether the prosecutor struck any white venire members for failure
to maintain eye contact, whether any other African-American veniremembers
besides Nos. 28 and 30 were not struck by either side and thus served on the
jury; whether veniremembers . 28 and 30 were the only African-Americans on the
venire panel; or whether the State struck any other African-American
veniremember for cause or otherwise and that strike was not challenged by
appellant at trial.





[5]           At trial, appellant also challenged the
State=s strike of Veniremember No. 28 on the ground that it
failed to ask him any questions.  The State responded that Veniremember No. 28
had asked questions about the punishment range and seemed unable to follow the
concepts the State had discussed with him at the time.  Appellant does not
challenge that strike on appeal.