**Chaun VALENTINE, Petitioner–Appellant,**

v.

**State of NEW YORK, Respondent–Appellee.**

No. 06–3835–pr.

United States Court of Appeals, Second Circuit.

Oct. 30, 2007.

Bobbi C. Sternheim, New York, NY, for Petitioner–Appellant.

Alyson J. Gill, Assistant Attorney General (Luke Martland, Assistant Attorney General, Barbara D. Underwood, Solicitor General, of counsel; Andrew M. Cuomo, Attorney General of the State of New York, on the brief) New York, NY, for Respondent–Appellee.

PRESENT: Hon. WALKER, Hon. CHESTER J. STRAUB, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Petitioner–Appellant Chaun Valentine appeals from an order of the United States District Court for the Southern District of New York (Harold Baer, Jr., *Judge)*, entered on August 2, 2006 denying his petition for a writ of habeas corpus pursuant

to 28 U.S.C. § 2254.[1] We assume the parties' familiarity with the factual background and procedural history of this case. *See Valentine v. New York*, No. 04 Civ. 1411, 2006 WL 2135779, at *1–4 (S.D.N.Y. Aug. 1, 2006).

Valentine argues that facts elicited during jury selection and the reconstruction hearing ordered by the District Court supported his challenge to the prosecutor's peremptory strike of an African–American juror under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). We review the District Court's denial of Valentine's petition for a writ of habeas corpus *de novo. See, e.g., Messiah v. Duncan*, 435 F.3d 186, 196 (2d Cir.2006).

"A defendant's *Batson* challenge to a peremptory strike requires a three-step inquiry." *Rice v. Collins*, 546 U.S. 333, 338, 126 S.Ct. 969, 163 L.Ed.2d 824 (2006). "First, the trial court must determine whether the defendant has made a prima facie showing that the prosecutor exercised a peremptory challenge on the basis of race. Second, if the showing is made, the burden shifts to the prosecutor to present a race-neutral explanation for striking the juror in question." *Id.* (citations and internal quotation marks omitted). Finally, "the court must ... determine whether the defendant has carried his burden of proving purposeful discrimination." *Id.* (citations omitted).

Under the enhanced deference required for habeas petitions by the Antiterrorism and Effective Death Penalty Act of 1996, a federal habeas court may grant a petition if it finds the state-court conclusion "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). In addition, "a determination of a factual issue made by a State court shall be presumed to be correct," unless rebutted by clear and convincing evidence. *Id.* § 2254(e)(1). Thus, where a claim was adjudicated on the merits in the state court, as here, we can grant relief only if we find that the state court unreasonably credited the prosecutor's race-neutral justification for exercising the peremptory challenge. *Rice*, 546 U.S. at 338–39, 126 S.Ct. 969. "Reasonable minds reviewing the record might disagree about the prosecutor's credibility, but on habeas review that does not suffice to supersede the trial court's credibility determination." *Id.* at 341–42, 126 S.Ct. 969. *Accord Messiah*, 435 F.3d at 200 (upholding trial judge's denial of a *Batson* challenge based on credibility).

After reviewing the record, we cannot say that it was objectively unreasonable for the trial judge to credit the prosecutor's race-neutral reason for striking the juror.[2] The prosecutor's assertion regarding the juror's inattentiveness is not contradicted by any evidence in the record. After the trial judge found that the prosecutor's assertion was a "fairly neutral reason," petitioner's counsel merely argued that the prosecutor had not asked the juror any specific questions. The trial judge noted that the record would reflect that the prosecutor had asked the juror a question and that the juror had answered it. The judge then found no reason to reject

---

1. Though Valentine has served his sentence, he was released on parole and is "in custody" for purposes of 28 U.S.C. § 2254. *See Eisemann v. Herbert*, 401 F.3d 102, 105 n. 1 (2d Cir.2005) (citing *Jones v. Cunningham*, 371 U.S. 236, 243, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963)).

2. The government argues that the District Court exceeded its allowable discretion in ordering a reconstruction hearing under 28 U.S.C. § 2254(e). Because the evidence adduced at that hearing does not demonstrate that a *Batson* violation occurred we need not address this issue.

the race neutral reason given by the prosecutor. The "ultimate burden of persuasion" remains with the "party alleging that he has been the victim of intentional discrimination." *Batson,* 476 U.S. at 94 n. 18, 106 S.Ct. 1712. Even after the District Court ordered a reconstruction hearing, petitioner was unable to provide evidence sufficient to "compel the conclusion that the trial court had no permissible alternative but to reject the prosecutor's race-neutral justifications." *Rice,* 546 U.S. at 341, 126 S.Ct. 969.

For these reasons, we AFFIRM the judgment of the District Court.