FILED

NOT FOR PUBLICATION

MAR 01 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JESSE JOE CRESPIN,

Petitioner-Appellant,

v.

BRIAN HAWES, WARDEN,

Respondent-Apellee.

No. 08-55556

D.C. No. 5:07-cv-01348-AG-MLG

MEMORANDUM[*]

Appeal from the United District Court
for the Central District of California
Andrew Guilford, District Judge, Presiding

Argued and Submitted February 9, 2010
Pasadena, California

Before:     THOMAS and SILVERMAN, Circuit Judges, and FOGEL, District
            Judge[**]

        Petitioner-Appellant Jesse Joe Crespin, a state prisoner, appeals the district

court's denial of his habeas petition, which raised a single claim under *Batson v.*

*Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

        [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        [**] The Honorable Jeremy Fogel, United States District Judge for the
Northern District of California, sitting by designation.

During voir dire in Crespin's retrial, the prosecutor used a peremptory challenge to strike prospective juror Obregon, a Hispanic female. Crespin's counsel objected under *People v. Wheeler,* 22 Cal.3d 258, 148 Cal.Rptr. 890, 583 P.2d 748 (1978)[1], contending that the prosecutor had excused Obregon because of her race. The prosecutor stated that she had excused Obregon because Obregon had indicated on her juror questionnaire that her nephew had been arrested for or charged with armed robbery.

The trial court denied Crespin's *Wheeler* motion. The trial court's determination as to whether the prosecutor's explanation for dismissing a member of the venire is credible must be accorded substantial deference. *Rice v. Collins,* 546 U.S. 333, 338-39, 126 S.Ct. 969, 163 L.Ed.2d 824 (2006). As long as the prosecutor presents a "comprehensible reason" and her motive is not inherently discriminatory, her explanation need not be "persuasive, or even plausible" to suffice. *Id.* at 338, 126 S.Ct. 969. The state appellate court based its decision on the trial court's factual finding that the prosecutor was motivated by her belief that Obregon would be sympathetic to Crespin because she had a nephew who likely was approximately the same age as Crespin who had been arrested for or charged with armed robbery. That decision was neither contrary to nor an unreasonable

---

[1]  *Wheeler* is the California state law equivalent of *Batson.*

application of federal law.

**AFFIRMED.**