**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARREN ALEXES HILTON, | No. 12-55932 |
| Petitioner - Appellant, | D.C. No. 3:10-cv-02597-WQH-WMC |
| v. | |
| MATTHEW CATE, Secretary, California Department of Corrections and Rehabilitations, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted June 4, 2013
Pasadena, California

Before: THOMAS, SILVERMAN, and FISHER, Circuit Judges.

Darren Alexes Hilton appeals the district court's denial of his habeas corpus

petition, which challenges his convictions for forcible rape, pandering by

encouraging, forcible oral copulation, lewd acts upon a child fourteen or fifteen

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

years of age, and oral copulation of a person under eighteen years of age in violation of California law, as well as related sentencing enhancements. We have jurisdiction under 28 U.S.C. §§ 1291, 2253(a). We affirm.

I

We review a state court's conclusion that the prosecutor's peremptory strikes were not motivated by purposeful discrimination in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986), under the deferential standard set forth in 28 U.S.C. § 2254(d)(2). *Briggs v. Grounds*, 682 F.3d 1165, 1170 (9th Cir. 2012); *Cook v. LaMarque*, 593 F.3d 810, 816 (9th Cir. 2010); *Ali v. Hickman*, 584 F.3d 1174, 1180–81 (9th Cir. 2009). Under that standard, we will uphold the state court's decision unless it was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). In evaluating habeas petitions premised on a *Batson* violation, "our standard is doubly deferential: unless the state appellate court was objectively unreasonable in concluding that a trial court's credibility determination was supported by substantial evidence, we must uphold it." *Briggs*, 682 F.3d at 1170 (citing *Rice v. Collins*, 546 U.S. 333, 338–42 (2006)). This deference is owed because the question of discriminatory intent "largely will turn on evaluation of credibility," and "evaluation of the prosecutor's state of mind based on demeanor and

2

credibility lies peculiarly within a trial judge's province." *Hernandez v. New York*, 500 U.S. 352, 365 (1991) (internal quotation marks and citations omitted).

Applying these standards to this case, we conclude that the district court properly denied Hilton's *Batson* claims. The California Court of Appeal concluded that substantial evidence supported the trial court's determination crediting the prosecutor's gender-neutral reasons for striking the four male prospective jurors. Although some of the prosecutor's reasons for striking these prospective jurors appear questionable in hindsight, a court need not believe that "the stated reason represents a sound strategic judgment" to find the prosecutor's rationale acceptable; rather, it need be convinced only that the justification "'should be believed.'" *Kesser v. Cambra*, 465 F.3d 351, 359 (9th Cir. 2006) (en banc) (quoting *Hernandez*, 500 U.S. at 365). Even if "[r]easonable minds reviewing the record might disagree about the prosecutor's credibility, . . . on habeas review that does not suffice to supersede the trial court's credibility determination." *Rice,* 546 U.S. at 341–42. Thus, though we have some reason to doubt the prosecutor's credibility, the evidence of pretext was not so strong that the California court's decision to credit the prosecutor's explanation for the peremptory strikes is an unreasonable determination of the facts.

II

Assuming, without deciding, that the prosecutor committed misconduct in his closing argument to the jury, Hilton failed to establish that the statement in question "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). The trial judge repeatedly instructed the jury that the attorneys' statements were not evidence, the objectionable remark was but one sentence in a lengthy closing argument, and the evidence of guilt was overwhelming. Therefore, the California Court of Appeal's denial of this claim did not constitute an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1).

**AFFIRMED**