[Cite as *Castillo v. Pilot Travel Ctrs., L.L.C.*, 2016-Ohio-7928.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| RIGOBERTO CASTILLO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| PILOT TRAVEL CENTERS, LLC | : | Case No. 16-CA-36 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Licking County
Court of Common Pleas, Case No.
15 CV 00603

JUDGMENT:    Affirmed

DATE OF JUDGMENT:    November 21, 2016

APPEARANCES:

For Plaintiff-Appellant

ROBERT J. DUBYAK
CHRISTINA C. SPALLINA
Dubyak Nelson, LLC
6105 Parkland Boulevard, Suite 230
Mayfield Heights, Ohio 44124

For Defendant-Appellee

DONALD J. RICHARDSON
CAROL N. TRAN
Hanna, Campbell & Powell, LLP
3737 Embassy Parkway, Suite 100
Akron, Ohio 44333

*Baldwin, J.*

**{¶1}** Plaintiff-appellant Rigoberto Castillo appeals from the  May 6, 2016 Judgment Entry of the Licking County Court of Common Pleas dismissing the action on the merits following a jury trial.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On or about August 3, 2013, appellant fell at appellee Pilot Travel Centers, LLC's travel center located in Hebron, Ohio.  Appellant, on July 20, 2015, filed a personal injury complaint against appellee. The matter proceeded to a jury trial that commenced on April 26, 2016.

**{¶3}** The jury, on April 29, 2016, returned with a verdict in favor of appellee Pilot Travel Centers, LLC. The trial court, as memorialized in a Judgment Entry filed on May 6, 2016, ordered that appellant take nothing and that the action be dismissed on the merits.

**{¶4}** Appellant now raises the following assignment of error on appeal:

**{¶5}** I. THE TRIAL COURT ERRED WHEN IT PERMITTED DEFENDANT TO USE A PEREMPTORY CHALLENGE TO EXCUSE JUROR NO. 14, THE ONLY PROSPECTIVE AFRICAN AMERICAN JUROR.

I

**{¶6}** Appellant, in his sole assignment of error, argues that the trial court erred in permitting appellee to exercise a peremptory challenge against an African–American juror pursuant to the Supreme Court's ruling in *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Appellant notes that he is a black American of Cuban descent and that such juror was the only African-American juror on the panel.

**{¶7}** Whenever a party opposes a peremptory challenge by claiming racial discrimination "[a] judge should make clear, on the record, that he or she understands and has applied the precise *Batson* test when racial discrimination has been alleged in opposition to a peremptory challenge." *Hicks v. Westinghouse Materials Co.,* 78 Ohio St.3d 95, 99, 1997–Ohio–227, 676 N.E.2d 872.

**{¶8}** In *Hicks,* the Ohio Supreme Court set forth the *Batson* test as follows:

First, a party opposing a peremptory challenge must demonstrate a prima-facie case of racial discrimination in the use of the strike .[ ]. To establish a prima-facie case, a litigant must show he or she is a member of a cognizable racial group and that the peremptory challenge will remove a member of the litigant's race from the venire. The peremptory-challenge opponent is entitled to rely on the fact that the strike is an inherently 'discriminating' device, permitting 'those to discriminate who are of a mind to discriminate' .[ ]. The litigant must then show an inference of racial discrimination by the striking party. The trial court should consider all relevant circumstances in determining whether a prima-facie case exists, including all statements by counsel exercising the peremptory challenge, counsel's questions during voir dire, and whether a pattern of strikes against minority venire members is present. [ ]. Assuming a prima-facie case exists, the striking party must then articulate a race-neutral explanation 'related to the particular case to be tried.' [ ]. A simple affirmation of general good faith will not suffice. However, the explanation 'need not rise to the level justifying exercise of a challenge for cause.' [ ]. The critical issue is whether a

discriminatory intent is inherent in counsel's explanation for use of the strike; intent is present if the explanation is merely pretext for exclusion based on race. [ ]. (Internal citations omitted.) *Hicks v. Westinghouse Materials Co.,* 78 Ohio St.3d 95, 98–99, 1997–Ohio–227, 676 N.E.2d 872.

**{¶9}** Although the striking party must present a comprehensible reason, "[t]he second step of this process does not demand an explanation that is persuasive or even plausible;" so long as the reason is not inherently discriminatory, it suffices. *Purkett v. Elem,* 514 U.S. 765, 767–768, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995) (per curiam); *Rice v. Collins,* 546 U.S. 333, 126 S.Ct. 969, 973–74, 163 L.Ed.2d 824 (2006).

**{¶10}** {¶ 28} Finally, the trial court must determine whether the party opposing the peremptory strike has proved purposeful discrimination. *Purkett,* supra, 514 U.S. at 766–768. It is at this stage that the persuasiveness, and credibility, of the justification offered by the striking party becomes relevant. *Id.* at 768. The critical question, which the trial judge must resolve, is whether counsel's race-neutral explanation should be believed. *Hernandez v. New York,* 500 U.S. 352, 365, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991); *State v. Nash,* 5th Dist. Stark No.1995CA00024, 1995 WL 498950, 2 (August 14, 1995). This final step involves considering "the persuasiveness of the justification" proffered by the striking party, but "the ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike." *Purkett,* supra, at 768.

**{¶11}** In the case sub judice, appellant alleged that, as a result of his injury, he could not be gainfully employed for the remainder of his life. Appellant was seeking in excess of $2 million in damages.

{¶12} During voir dire, Juror No. 14, Brenda Hill, stated that she had fallen and hurt her back at work while working as a nurse's aide and that she had been out of work for 15-20 years. When asked, she stated that she was on disability and that her disability was the reason for her unemployment. The following discussion took place on the record when appellee's counsel stated that he was using his second peremptory challenge on Hill:

{¶13} MR. DUBYAK:   Seriously?

{¶14} MR. RICHARDSON:   Yeah.

{¶15} MR. DUBYAK:   You're going to have to go on the record for that one.

{¶16} MR. RICHARDSON:   Why, because she's unemployed and she's on disability?

{¶17} THE COURT:   Shhh.

{¶18} MR. DUBYAK:   Because she's the only African American –

{¶19} MR. RICHARDSON:  That doesn't - - only if - - only if there's a pattern of it. I'm doing it because she's unemployed (sic) and on disability.  That's why I'm doing it.  I'll put that on the record.

{¶20} THE COURT:   So - -

{¶21} MR. RICHARDSON:   It's only if there's a pattern of behavior.  A pattern of picking base on some criteria.

{¶22} THE COURT:   Let's pick the jury.

{¶23} MR. RICHARDSON:   No, that's  -  first - -

{¶24} THE COURT:   Well, I need to rule on this objection right now.  You're objecting to his peremptory challenge of an African American juror?

**{¶25}** MR. DUBYAK:   The only one on the entire panel.

**{¶26}** THE COURT:   Right.  And your response to that is.

**{¶27}** MR. RICHARDSON:   My reason for peremptory has nothing to do with her race.  It has to do with her - - the fact that she testified that she's been disabled, and that's she not unemployed (sic), and it doesn't sound like she would be a good juror.  I'm using a peremptory challenge.

**{¶28}** MR. DUBYAK:   Lee Priest is unemployed.

**{¶29}** MR. RICHARDSON:   Well, I didn't say I wasn't going to get rid of him next.

**{¶30}** THE COURT:   She did indicate that she injured her back.  She was on disability.

**{¶31}** MR. RICHARDSON:   Right.

**{¶32}** THE COURT:   I find that's a race-neutral justification, so I'm going to overrule the objection.  So, this is all on the record.

**{¶33}** Transcript at 133-135.

**{¶34}** We find that the trial court did not err in permitting appellee to excuse Brenda Hill as a juror. Assuming, arguendo, appellant had met his prima facie burden to go forward on the challenge, appellee's counsel gave a race neutral reason for using a peremptory challenge against Brenda Hill. Appellee's counsel indicated that he was concerned that Hill, who on disability and was unemployed, would not be a "good juror" in a personal injury case in which the plaintiff was alleging permanent injuries that rendered him unable to work. We are mindful that only the trial court observed first-hand "the demeanor of the attorney who exercise[d] the challenge, along with whether [each stricken panelist's] demeanor can credibly be said to have exhibited the basis for the

strike." *United States v. Mensah,* 737 F.3d 789, 796 (1st Cir.2013) (internal quotation marks omitted). On direct appeal, the trial court's findings may be reversed only if the trial judge is shown to have committed clear error. *Rice v. Collins,* 546 U.S. 333, 338, 126 S.Ct. 969, 163 L.Ed.2d 824 (2006).  We find no such error here.

**{¶35}**  Based on the foregoing, appellant's sole assignment of error is overruled.

**{¶36}**  Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Wise, J. concur.