**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EVERETT LEE GHOLSTON,

                Petitioner-Appellant,

v.

RON BARNES, Warden,

                Respondent-Appellee.

No.   16-55428

D.C. No. 5:13-cv-00283-DDP-JC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted August 6, 2018[**]
Pasadena, California

Before: HAWKINS, M. SMITH, and CHRISTEN, Circuit Judges.

Everett Lee Gholston, a California state prisoner, challenges the denial of his

28 U.S.C. § 2254 habeas petition. Reviewing the denial of his petition de novo,

*Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011), we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Gholston first contends that his trial counsel rendered ineffective assistance by failing to object to the exclusion of a witness statement on due process grounds and failing to call two witnesses to testify that they did not see Gholston with a gun during one of the shootings giving rise to his underlying conviction.

Gholston's petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996; therefore, our review of this ineffective assistance claim is "doubly deferential." *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). The excluded statement and omitted testimony on which Gholston relies were not fully exculpatory and, for the most part, simply indicated the witnesses did not see Gholston with a gun because they were running away from the shooting. The California Court of Appeal's determination that Gholston failed to establish prejudice due to the equivocal nature of this evidence compared to the weight of evidence at trial was not an unreasonable application of the *Strickland v. Washington*, 466 U.S. 668 (1984), standard. *See Harrington v. Richter*, 562 U.S. 86, 102 (2011).

Gholston also contends that the California Court of Appeal's rejection of his challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986), was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(2). The California Court of Appeal undertook a comparative juror analysis and evaluated the totality of the circumstances when considering Gholston's contention that the State

impermissibly exercised peremptory challenges to strike prospective jurors E.H. and P.B. on the basis of their race. Although reasonable minds certainly could doubt the veracity of the prosecutor's explanations for the challenges at issue, we cannot say that, on this record, the state court "had no permissible alternative but to reject the prosecutor's race-neutral justifications and conclude [Gholston] had shown a *Batson* violation." *See Rice v. Collins*, 546 U.S. 333, 341 (2006).

**AFFIRMED.**