**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERRY ADAMS, Jr., | No. 15-56681 |
| Petitioner-Appellant, | D.C. No. 5:13-cv-00124-MMM-JC |
| v. | |
| GARY SWARTHOUT, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted August 6, 2018
Pasadena, California

Before: HAWKINS, M. SMITH, and CHRISTEN, Circuit Judges.

Jerry Adams, Jr., a California state prisoner, challenges the denial of his 28

U.S.C. § 2254 habeas petition. Reviewing the denial of his petition de novo, *Stanley*

*v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011), we affirm.

Adams first contends that his trial counsel rendered ineffective assistance by

failing to move for severance of his case on the basis of prejudice resulting from

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

evidentiary spillover if tried with his co-defendants, and instead, moving for severance solely on the basis of undue delay.

Adams' petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996; therefore, our review of this ineffective assistance claim is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). The California Court of Appeal determined that trial counsel's conduct was reasonable because evidence relevant to the charges against Adams' co-defendants would support Adams' alibi defense and would not be prejudicial. Given the presumption of reasonableness afforded to trial counsel's conduct, *see Strickland v. Washington*, 466 U.S. 668, 690 (1984), the California Court of Appeal's determination that Adams failed to demonstrate ineffective assistance of counsel was not an unreasonable application of the *Strickland* standard. *See Harrington v. Richter*, 562 U.S. 86, 102 (2011).

Adams also contends that the California Court of Appeal's rejection of his challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986), was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(2). The California Court of Appeal undertook a comparative juror analysis and evaluated the totality of the circumstances when considering Adams' contention that the State impermissibly exercised peremptory challenges to strike prospective jurors E.H. and P.B. on the basis of their race. Although reasonable minds certainly could doubt the veracity of

the prosecutor's explanations for the challenges at issue, we cannot say that, on this record, the state court "had no permissible alternative but to reject the prosecutor's race-neutral justifications and conclude [Adams] had shown a *Batson* violation." *Rice v. Collins*, 546 U.S. 333, 341 (2006).

**AFFIRMED.**