Kenneth S. Hixson, Judge, dissenting.
I disagree with the majority's conclusion that the trial court misapplied the Batson protocol in this case. In my view, the trial court complied with the proper procedures for trial courts to follow in Batson cases as set forth by our supreme court in MacKintrush v. State , 334 Ark. 390, 978 S.W.2d 293 (1998). Because the majority found merit in Davis's Batson argument, it found it unnecessary to discuss Davis's other two arguments. With respect to Davis's remaining points, I would hold that the State did not impermissibly comment on Davis's failure to testify, and that Davis's contention that the trial court erred by *724 permitting the State to make improper statements to the jury during closing arguments in both phases of the trial is not preserved for review. Having concluded that no reversible error occurred below, I would affirm Davis's convictions. Therefore, I respectfully dissent.
During jury voir dire, there were thirty potential jurors in the venire pool, and twenty-four were called. Of the twenty-four prospective jurors called, eight of the jurors were African American. Of the final jury panel, three members of the jury were African American. During voir dire, the State used five of its six peremptory challenges to remove jurors who were African Americans.
There are three steps to the Batson procedure. These steps are: (1) the strike's opponent must make a prima facie case of purposeful discrimination by showing that the juror is a member of an identifiable racial group, the strike is part of a pattern to discriminate, and the strike was used to exclude the juror because of his or her race; (2) the State must provide a race-neutral explanation; and (3) if a race-neutral reason is given, the trial court must decide whether the strike's opponent proved purposeful discrimination. MacKintrush, supra . The majority holds that the trial court erred in its application, or the process, of the third Batson step. I cannot agree.
After each juror was struck by the State, the appellant objected and asserted that the strikes violated Batson . The State then provided racially neutral explanations for each of the five jurors who were struck. The five racially neutral explanations can be generally summarized as follows:
• Mr. Harris: He was familiar with defendant's grandfather and had a child who was the defendant's age.
• Ms. Cleveland: Her husband was a custodian at the high school and interacted with kids the same age as defendant, and, like the defendant's mother, she was a single mother.
• Ms. Muldrow: She was the sole caregiver to her disabled brother, had been convicted of a misdemeanor, was familiar with appellant's grandfather, and her sister had been murdered and the culprit never caught.
• Ms. Richards: Her husband worked at a school, she would give police less credibility, and she knew the defendant's attorney.
• Ms. Waller: State was prosecuting her brother for failing to register as a sex offender.
With this backdrop, we review Arkansas law as it applies to Batson . The leading case in Arkansas is MacKintrush, supra . In MacKintrush , the Arkansas Supreme Court stated that the Supreme Court of the United States left it up to the states to develop specific procedures for implementing Batson . This is important. Our supreme court has taken the Batson requirements, developed procedures that satisfy Batson , and has repeatedly affirmed these procedures.[1] The following excerpts from MacKintrush clarify the third step in Batson . After a racially neutral explanation is given:
But it is crucial that the trial court weigh and assess what has been presented to it to decide whether in light of all the circumstances, the proponent's explanation is or is not pretextual. If the strike's opponent chooses to present no additional argument or proof but simply *725 to rely on the prima facie case presented, then the trial court has no alternative but to make its decision based on what has been presented to it, including an assessment of credibility. We emphasize that following step two, it is incumbent upon the strike's opponent to present additional evidence or argument, if the matter is to proceed further.
MacKintrush , 334 Ark. at 399, 978 S.W.2d at 297 (emphasis added). In MacKintrush , the appellant argued that even if the defendant failed to present additional evidence or argument against the racially neutral explanation, the trial court was required sua sponte to direct further inquiry into the matter. The MacKintrush court specifically disagreed with this argument, and further explained:
Nevertheless, we conclude that it is still the responsibility of the strike's opponent to move the matter forward at this stage to meet the burden of persuasion, not the trial court.... If the strike's opponent does not present more evidence, no additional inquiry by the trial court is required.... [Here, the] defense counsel argued against the genuineness of the race-neutral explanation but presented no additional relevant proof to vitiate the strike. It was the defense counsel's obligation to do so, if he wanted the matter to proceed further.
MacKintrush , 334 Ark. at 399-401, 978 S.W.2d at 297-98 (emphasis added). It is clear from MacKintrush that after the racially neutral explanation is offered by the State, the appellant has the burden of going forward if the matter is to proceed further. Failure of the strike's opponent to present more evidence or more additional relevant proof is fatal to a Batson objection. In the present case, I do not believe that appellant Davis met his burden of going forward at the third step of the Batson procedure with respect to any of the jurors challenged by the State, for which the State had provided race-neutral explanations.
With respect to three of the five jurors-Mr. Harris, Ms. Cleveland, and Ms. Waller-Davis made no comment at all after the State's race-neutral reasons were given, much less provide argument or more evidence or more additional relevant proof as required by MacKintrush . That was fatal. As to the other two jurors, Ms. Muldrow and Ms. Richards, Davis did generally respond to some (but not all) of the State's race-neutral reasons, but he failed to offer any substantive argument, more evidence, or additional relevant proof after the trial court determined that the explanations were race-neutral.[2] Again, the failure to offer additional evidence was fatal.
Perhaps we should review what types of argument or additional evidence is required by the defendant after the State provides a racially neutral reason for the challenge. The gist of the Batson burden-shifting scheme is so that the court can determine from the evidence whether the State's racially neutral reasons are merely pretextual. That certainly explains why the burden is on the defendant to provide the circuit court with some additional evidence or some argument that the State's given reasons were pretextual. The defendant cannot simply sit on his hands and merely rely on his previous objection. The majority opinion actually explains the rationale for this protocol well:
*726 The connection between the second and third Batson step is this: if the prosecutor offers a facially race-neutral reason for a peremptory strike (step two), then the court moves to the third step, which requires it to credit or reject the reason. Snyder v. Louisiana , 552 U.S. 472, at 477 [128 S.Ct. 1203, 170 L.Ed.2d 175] (2008). A defendant's challenge to a strike can turn on whether the circuit court believes the prosecutor's race-neutral reason for the strike. See Rice v. Collins , 546 U.S. 333 [126 S.Ct. 969, 163 L.Ed.2d 824] (2006).... Considerations that help a court determine whether to accept a race-neutral reason are 'the prosecutor's demeanor'; how reasonable or improbable the given reasons are; and whether the given explanation 'has some basis in accepted trial strategy.' Miller-El v. Cockrell , 537 U.S. 322, 339 [123 S.Ct. 1029, 154 L.Ed.2d 931] (200[3]).
(emphasis added). It is clear that the purpose of the third step is to give the defendant the opportunity to provide the court with additional evidence so that the court can either credit the facially neutral reason or reject it. Place yourself in the position of the trial judge. What has he heard at this point? State: We are striking a juror. Defendant: We object because it violates Batson . State: And, the State provides a racially neutral explanation. At that point, the trial court has nothing to consider except the State's explanation. That is why the defendant is given the opportunity to argue to the trial court that the State's explanation is pretextual or to provide additional evidence proving the explanation is pretextual. And, that is why our supreme court said in MacKintrush , "[I]t is incumbent upon the strike's opponent to present additional evidence or argument, if the matter is to proceed further. " Mackintrush , 334 Ark. at 399, 978 S.W.2d at 297 (emphasis added).
With those principles in mind, we look at the evidence herein. The only possible Batson violation occurred with respect to jurors Ms. Muldrow and Ms. Richards. Because in a Batson challenge the dialogue among the prosecutor, defense counsel, and the court is crucial, below are excerpts from the dialogue concerning Ms. Muldrow. Keep in mind that after a race-neutral explanation is provided by the State, the defendant has the burden of supplying additional evidence in opposition to the race-neutral explanation.
THE COURT : The court will make a record that Ms. Muldrow is a black female, and that is the same race as the defendant, and this is the fourth strike of the State, three of them being against black individuals, which is the same race as the defendant, and the court does require that the state furnish a race neutral reason for that. (emphasis added).
At this point, the burden shifted to the State to provide a race-neutral explanation for the strike.
MS. MITCHELL ( STATE ): Your Honor, Ms. Muldrow indicated in voir dire that she was the sole caregiver to her child and a disabled brother, and that she may have to leave if there was an emergency. She has been accused of a crime and convicted of a misdemeanor. Further, she indicated that she knew and was familiar with the defendant's grandfather, Mr. Davis, through his radio or television broadcasting.
At this point in the voir dire of Ms. Muldrow, the State has offered four race-neutral explanations for the strike: (1) Ms. Muldrow was the sole caregiver of her child and her disabled brother; (2) Ms. Muldrow was accused of a crime; (3) Ms. Muldrow was convicted of a misdemeanor;
*727 and (4) Ms. Muldrow was familiar with the defendant's grandfather. Each of these four reasons obviously has "some basis in accepted trial strategy" for the prosecution. See Miller-El v. Cockrell, supra . The burden then shifted back to the defense to offer additional evidence or some argument showing the race-neutral reasons were pretextual.
MR. POTTER ( DEFENSE ): Your honor, of course she did state, make the statements that she was the sole caregiver. However, she said that she would be able to have people cover for that, certainly for these two days of this hearing. As to her knowledge of the grandfather, she said she was aware that he had a radio station but had never listened to any of his programs. Your Honor, they've exercised four strikes here.
MS. MITCHELL ( STATE ): I'm going to ask Mr. Potter to, please, lower his voice a little bit.
MR. POTTER ( DEFENSE ): All three, sorry about that, three of those strikes have been exercised on the first and only three blacks called upon as potential jurors in this case.
At this point in the voir dire, the only response to the State's race-neutral explanation by the defense was that Ms. Muldrow said she could find someone to care for her brother for two days and that she knew the defendant's grandfather but never listened to his radio show. The defense did not offer any additional evidence nor did it even offer any new argument to show the race-neutral reasons were pretextual. Hence, the trial court then made its Batson decision based on the evidence before it as required by MacKintrush .
THE COURT : Like I say, the court has made a finding that out of the four strikes, they used three of them against African Americans, so they have to state a race neutral reason at this point in time. It's not, like I say, the first one, there wasn't a pattern, but obviously, there is a pattern here that makes it necessary. Obviously, for review purposes of, that's why we make this record, and as you are well aware, case law is that the reason sometimes doesn't have to be rational, they don't have to be anything other than something that they say that's race neutral. Obviously, being convicted, having some, even though I agree with you that Ms. Muldrow said she would make arrangements, and not let that be a problem on having to take care of people, obviously, that would still be on her mind, and I agree with you that her characterization of knowing Mr. Davis was minimal. She just knew he had something. She didn't know him personally, never listened to the program or anything, just knew he had that, so that's a very minimal connection.
At that point, while it had no obligation to do so, the State offered an additional fifth race-neutral reason for its strike:
MS. MITCHELL ( STATE ): I would, also, add that she indicated that her sister had been murdered here in Miller County, and the individual responsible for that had never been caught or prosecuted.
The trial court responded to the State's additional race-neutral reason:
THE COURT : Like I say, that's been the case with a bunch of people on the panel, one of them being Ms. Reynolds, who had a crime that you didn't strike, which was white. So, you've made your record, and those are race neutral reasons, so this court can't stand in the way of it, but that's where you are.
MS. MITCHELL ( STATE ): Your Honor, I would add that Ms. Reynolds's case *728 was prosecuted, whereas, Ms. Muldrow's case was not.
THE COURT : Okay. There's a lot of people that raised their hand on that question.
THE COURT : Ms. Muldrow, you are free to go.
The dialogue concluded. Where did the trial court err? The trial court followed the Batson and MacKintrush protocols. Based on the three previous strikes of African American jurors by the State, the court required the State to produce race-neutral explanations for the strike of Ms. Muldrow. The State provided four race-neutral explanations for the strike. After the race-neutral explanations were provided, the defendant did not offer any additional evidence, and the only comments the defendant made were that Ms. Muldrow said she could get someone to take care of her brother and that she did not listen to the defendant's grandfather's radio show. The State even provided another completely different fifth race-neutral reason, and the defendant did not respond at all. After hearing all of the race-neutral explanations and the defendant's limited response thereto, the trial court made its decision based on the evidence before it as it was required to do by MacKintrush . The trial court did not skip any steps. It did not jump to an unsupported or arbitrary decision. The trial court stated, "So, you've made your record, and those are race neutral reasons, so this court can't stand in the way of it, but that's where you are." The trial court understood the Batson and MacKintrush protocols. The trial court made the correct and proper determination. The trial court explicitly explained its decision. The majority notes that some of the other jurors who were not struck had themselves been charged with crimes, but none of those jurors had the cumulative characteristics raising the State's concerns about Ms. Muldrow. The trial court was ultimately concerned that Ms. Muldrow could not pay undivided attention to a serious criminal case because she was the sole caregiver to her child and her disabled brother. While the majority may not agree with the trial court's decision to deny the Batson challenge, one certainly cannot contend the trial court did not apply the proper Batson and MacKintrush protocols regarding Ms. Muldrow. A trial court's ruling on a Batson challenge will not be reversed unless its finding is clearly against the preponderance of the evidence. Armstrong v. State , 366 Ark. 105, 233 S.W.3d 627 (2006). Here, the court's denial of the Batson challenge was not clearly against the preponderance of the evidence.
Similarly, after the State gave its race-neutral reasons for striking Ms. Richards, Davis failed to present additional argument or proof to move the matter to the third Batson step. The State's explanation for striking Ms. Richards was that she had a son the same age as appellant, her husband worked with children, she was familiar with appellant's grandfather, and during jury voir dire she made a scoffing noise indicating that she would not deem a police officer credible. Again, these reasons have "some basis in accepted trial strategy." See Miller-El v. Cockrell, supra . Appellant's only response was that there is probably nobody who does not have contact with young people. Appellant made no comment on Ms. Richards's familiarity with appellant's grandfather or the scoffing noise she made when questioned about police-officer credibility. Davis stated further, "I understand all [the prosecutor has] got to do is give a race-neutral reason, and it could be they don't like her shoes. I think the court is aware of this." The trial court found the State's explanations race-neutral and removed the juror with no further comment or argument from Davis. One could not reasonably argue that the reasons given by *729 the State-she had a son the same age as appellant, her husband worked with children, she was familiar with appellant's grandfather, and during jury voir dire she made a scoffing noise indicating that she would not deem a police officer credible-are pretextual.
In MacKintrush , our supreme court emphasized that, following step two of the Batson procedure, it is incumbent on the strike's opponent to present additional evidence or argument if the matter is to proceed further. If the strike's opponent does not present more evidence, no additional inquiry by the trial court is required. MacKintrush, supra . Here, Davis failed in his burden of moving the matter forward to the third step of the Batson process. For this reason, I cannot assign error to the trial court's application of the Batson criteria or its denial of Davis's Batson challenges.
Finally, the majority opinion explains that the error by the trial judge was one "of process" and not in actually determining whether a Batson violation occurred. However, it is clear from the trial court's dialogue with the prosecutor and defense counsel throughout voir dire that he was very familiar with the Batson and MacKintrush protocols. He recognized a prima facie pattern of discrimination. He explained the burden shifting. He required the race-neutral explanation. And he listened to the defendant. That is the Batson protocol or process. The appellant's trial counsel even stated during Ms. Richard's voir dire: "I understand all [the prosecutor has] got to do is give a race-neutral reason, and it could be they don't like her shoes. I think the court is aware of this." Clearly, the trial court was aware of the Batson process, and furthermore, it applied the process properly.
Finding no error in any of the proceedings, I would affirm.
Gruber, C.J., and Klappenbach, J., join in this dissent.

See, e.g. , Woods v. State , 2017 Ark. 273, 527 S.W.3d 706 ; Ashley v. State , 358 Ark. 414, 191 S.W.3d 520 (2004) ; Hinkston v. State , 340 Ark. 530, 10 S.W.3d 906 (2000).

This opinion uses terms "State" and "defendant" to explain its Batson positions herein. Some cases use the term "strike's opponent." The principles set forth herein would be the same whether it is the State making the strike or the defendant making the strike; and conversely, whether the defendant is the strike's opponent or the State is the strike's opponent. We do not imply that the Batson challenge applies to only one party.