NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 27 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

ERIC WRIGHT,

        Petitioner-Appellant,

  v.

KRISTIN K. MAYES,[*] Attorney General for
the State of Arizona, et al.,

        Respondents-Appellees.

No.   22-15654

D.C. No. 2:21-cv-01754-SPL

MEMORANDUM[**]

---

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted February 6, 2024
Phoenix, Arizona

Before: MURGUIA, Chief Judge, and HAWKINS and JOHNSTONE, Circuit
Judges.

Eric Wright appeals the district court's order denying his habeas corpus

petition, which argued that during his trial, the prosecutor improperly used a

preemptory challenge in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986).  We

---

[*]      Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Kristin K.
Mayes is substituted for her predecessor, Mark Brnovich, as Attorney General for
the State of Arizona.
[**]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

have jurisdiction under 28 U.S.C. § 1291 and affirm.

While this court reviews *de novo* the district court's denial of habeas corpus relief, *Hoyos v. Davis*, 51 F.4th 297, 305 (9th Cir. 2022), the standard of review applied by a federal habeas court to a state appellate court's denial of relief depends on whether the claim was "adjudicated on the merits" by the state appellate court. 28 U.S.C. § 2254(d). If a claim was not adjudicated on the merits, the federal habeas court applies *de novo* review. *Cone v. Bell*, 556 U.S. 449, 472 (2009). But if a claim was adjudicated on the merits, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a deferential standard of federal review. 28 U.S.C. § 2254(d).

Here, the Arizona Court of Appeals adjudicated Mr. Wright's *Batson* claim on the merits. When a petitioner presents a federal claim "to a state court and the state court has denied relief," we presume that "the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, 99 (2011). "This presumption applies even when the state court resolves the federal claim in a different manner or context than advanced by the petitioner so long as the state court 'heard and *evaluated* the evidence and the parties' substantive arguments.'" *Patsalis v. Shinn*, 47 F.4th 1092, 1098 (9th Cir. 2022) (quoting *Johnson v. Williams*, 568 U.S. 289, 302 (2013)), *cert. denied*, 144 S. Ct. 107 (2023). Here,

Mr. Wright argues the Arizona Court of Appeals inadvertently failed to address his actual claim. We disagree. The Arizona Court of Appeals issued a reasoned opinion specifically discussing and rejecting the substance of his *Batson* claim. We therefore find that Mr. Wright has not sufficiently rebutted this presumption, and that the claim was adjudicated on the merits.

Because the Arizona Court of Appeals adjudicated Mr. Wright's claim on the merits, AEDPA imposes a deferential standard of review that requires federal courts to deny habeas relief unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d); *see also Sifuentes v. Brazelton*, 825 F.3d 506, 517 (9th Cir. 2016). When the highly deferential AEDPA standard combines with the deference already afforded "to the trial court's determination of the prosecutor's credibility" on direct review, "we end up with a standard of review that is 'doubly deferential.'" *Sifuentes*, 825 F.3d at 518 (quoting *Briggs v. Grounds*, 682 F.3d 1165, 1170 (9th Cir. 2012)). This standard is met when the record "compel[s] the conclusion that the trial court had no permissible alternative but to reject the prosecutor's race-neutral justifications" and find a *Batson* violation. *Rice v. Collins*, 546 U.S. 333, 341 (2006); *see also Briggs*, 682 F.3d at 1170 (explaining that federal courts must

uphold the state court decision "unless the state appellate court was objectively unreasonable in concluding that a trial court's credibility determination was supported by substantial evidence").

Here, Mr. Wright argues that the district court's denial of habeas relief on his *Batson* claim was erroneous because it was based on an unreasonable determination of the facts under Section 2254(d)(2). But Mr. Wright cannot overcome AEDPA's high standard. The prosecutor proffered two race-neutral reasons for the strike. The trial court's rejection of the *Batson* objection implicitly recognized that these reasons given by the prosecutor were not pretextual. While Mr. Wright has identified non-Black jurors who were not stricken, the record does not show that the comparator jurors were so similar to the stricken juror as to compel the conclusion that the trial court erred in overruling the *Batson* challenge. *See Jamerson v. Runnels*, 713 F.3d 1218, 1231 (9th Cir. 2013) (finding that the prosecutor's "failure to exercise peremptory strikes against other non-black jurors who shared weak parallels with [the struck] juror . . . ultimately does little to undermine the stated justification"). The Arizona Court of Appeals engaged in a substantive analysis of the issue, and its decision was not based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(2). Therefore, the district court did not err in denying Mr. Wright's habeas corpus petition.

**AFFIRMED.**

4