17-3794-pr
*Johnson v. Gonyea, Attica Correctional Facility*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of October, two thousand eighteen.

PRESENT:    PETER W. HALL,
                      GERARD E. LYNCH,
                                *Circuit Judges*,
                      WILLIAM F. KUNTZ,
                                *Judge.\**

_____

Jason Johnson,

                    *Petitioner-Appellee*,

                    v.                                                            No. 17-3794-pr

Paul M. Gonyea, Attica Correctional Facility,

                    *Defendant-Appellant*,

Superintendent, Attica Correctional Facility,

                    *Defendant-Appellant.*†

_____

**\***Judge William F. Kuntz of the United States District Court for the Eastern District of New York, Sitting by Designation.

† The Clerk of Court is requested to amend the caption to conform to the above.

For Appellee:                                    DAVID CLIFFORD HOLLAND, New York, New York

For Appellant:                                   ALICE WISEMAN, Assistant District Attorney (Susan Gliner, Assistant District Attorney, *on the brief*), New York County District Attorney's Office, New York, New York

Appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **REVERSED.**

Defendant-Appellant Paul M. Gonyea, Attica Correctional Facility, appeals the district court's grant of a writ of habeas corpus to Petitioner-Appellee Jason Johnson pursuant to 28 U.S.C. § 2254.    Johnson's federal habeas petition alleged that the prosecution's use of its peremptory strikes to eliminate four African Americans on the venire during jury selection for Johnson's 2008 trial for second-degree murder, first-degree kidnapping and robbery, and fourth-degree conspiracy amounted to intentional discrimination in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986). The district court agreed, holding that "the trial court's determination that petitioner failed to show purposeful discrimination in selecting jurors was clearly erroneous."    J. App. 306.    We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the district court's grant of an application for a writ of habeas corpus *de novo*, and its underlying findings of fact for clear error."  *Cardoza v. Rock*, 731 F.3d 169, 177 (2d Cir. 2013) (internal citations omitted).   Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "when a state court adjudicates a petitioner's habeas claim on the merits, a

2

district court may only grant relief where the state court's decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law,' or was 'based on an unreasonable determination of the facts in light of the evidence presented.'" *Waiters v. Lee*, 857 F.3d 466, 477 (2d Cir. 2017), *cert. denied sub nom. Waiters v. Griffin*, 138 S. Ct. 385 (2017) (quoting 28 U.S.C. § 2254(d)). As relevant here, a federal court may not overturn a decision of the state court applying federal law "unless that court applied [*Batson*] in an objectively unreasonable manner." *Davis v. Ayala*, 135 S. Ct. 2187, 2198 (2015) (internal quotation marks omitted). "[A] state-court decision is not unreasonable if fairminded jurists could disagree on [its] correctness." *Id.* at 2199 (internal quotation marks omitted). "Nevertheless, the state court's finding might represent an unreasonable determination of the facts where, for example, reasonable minds could not disagree that the trial court misapprehended or misstated material aspects of the record in making its finding, or where the court ignored highly probative and material evidence." *Cardoza*, 731 F.3d at 178 (internal quotation marks and citations omitted).

As an initial matter, the district court failed to adhere to AEDPA's highly deferential strictures in its analysis of Johnson's *Batson* claim. While the court recited the appropriate statutory standard in its written order, *see* J. App. 304—05, it went on to state that at step three of the *Batson* analysis, "[I must] defer to state court factual findings unless [I] conclude that they are clearly erroneous." J. App. 306 (quoting *Foster v. Chatman*, 136 S. Ct. 1737, 1747 (2016) (quoting *Snyder v. Louisiana*, 552 U.S. 472, 477 (2008))). The district court's reliance on *Foster* was misplaced. There, the Supreme Court was tasked with reviewing the Georgia Supreme Court's denial of a "Certificate of Probable Cause" necessary for Foster to pursue in state court an appeal of the denial of his petition for a writ of habeas corpus. The operative question was

3

whether Foster's *Batson* claim had "arguable merit," as provided in Georgia's state court rule of procedure. *Foster*, 136 S. Ct. at 1745. To answer that question, the Supreme Court reviewed the state court's three-step *Batson* inquiry, and, citing the standard articulated in *Snyder*, 552 U.S. 472, announced that it would "defer to state court factual findings unless we conclude that they are clearly erroneous." *Id.* at 1747. *Snyder*, however, was a direct appeal from the Louisiana Supreme Court, and thus the "clearly erroneous standard" it announced, and which the district court applied, is inapposite where, as here, the propriety of the *Batson* finding is analyzed through AEDPA's lens. *See Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (*per curiam*) (explaining that the "clearly erroneous" standard applies on direct review but that the standard under AEDPA is highly deferential, requiring that state courts be afforded the benefit of the doubt); *Rice v. Collins*, 546 U.S. 333, 338 (2006) (distinguishing between reviewing a *Batson* challenge for "clear error" on direct review versus AEDPA's narrower inquiry).

Applying AEDPA's standard to Johnson's petition, the proper question for the district court was not whether the state court's conclusion that Johnson failed to show purposeful discrimination in his jury selection process was clearly erroneous but, rather, whether the trial judge's finding rested on "an unreasonable determination of the facts," 28 U.S.C. § 2254(d)(2), *i.e.*, "if it was unreasonable to credit the prosecutor's race-neutral explanations for the *Batson* challenge," *Rice*, 546 U.S. at 338. The exercise of our *de novo* review leads to the invariable conclusion that "[r]easonable minds reviewing the record might disagree about the prosecutor's credibility" in defending Johnson's *Batson's* application. *Davis*, 135 S. Ct. at 2201. On federal habeas review, this militates a denial of Johnson's petition.

4

While Johnson points to places in the transcript of the state court proceeding where the prosecution offered seemingly suspect or contradictory statements about its decision to eliminate certain African American jurors while neglecting to exercise its peremptory challenges for similarly situated non-black jurors, the prosecution offered a race-neutral reason for each of the challenged strikes which the trial court accepted and which we may not disturb. The state trial court was in the best position to evaluate the prosecutor's veracity, and neither this Court's nor the district court's disagreement with those findings "suffice[s] to supersede the trial court's credibility determination." *Id.* By deciding instead that "the prosecutor's stated reasons for the strikes of four black jurors were inconsistent, shifting, and pretextual," J. App. 306, the district court impermissibly substituted its judgment for that of the trial court. *See Wood v. Allen*, 558 U.S. 290, 301 (2010) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.").[1]

We are not unsympathetic to the district court's concerns with the manner in which certain jurors were excluded from Johnson's venire. However, neither this Court nor the district court is empowered to overturn the state trial judge's findings based on a finding of clear error alone. Because Johnson's section 2254 petition fails to demonstrate that the trial court "applied [*Batson*] in an objectively unreasonable manner," *Davis.* 135 S. Ct. at 2198, or that it based its conclusion

---

[1] While the district court apparently believed that the trial judge failed to recognize that a certain statement made by the prosecutor about one of the challenged jurors, Carlo Williams, was "demonstrably false," J. App. 307, the district court misattributed a statement made by a different prospective juror to Ms. Williams in making this charge, *see* J. App. 170—71 (voir dire of Enid Kelly). We are unable to conclude that the trial judge "misapprehended or misstated material aspects of the record" so as to have rendered an "unreasonable determination of the facts" warranting a grant of the petition. *Cardoza*, 731 F.3d at 178 (internal quotation marks and citations omitted).

at step-three of the *Batson* inquiry "on an unreasonable determination of the facts in light of the evidence presented," 28 U.S.C. § 2254(d)(2), the district court erred in granting the petition. Accordingly, we **REVERSE** the judgment of the district court and **DENY** Johnson's petition for a federal writ of habeas corpus.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
