NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| BRADLEY WRIGHT, | No. 20-56046 |
| Petitioner-Appellant, | D.C. No. 2:18-cv-00566-PLA |
| v. | |
| JEFF MACOMBER, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Paul L. Abrams, Magistrate Judge, Presiding

Submitted December 3, 2024
Pasadena, California

Before: SANCHEZ and DE ALBA, Circuit Judges, and ZIPPS,** Chief District
Judge.

Bradley Wright ("Petitioner") appeals the district court's denial of his 28

U.S.C. § 2254 habeas corpus petition challenging his conviction for assault with a

deadly weapon. As he did below, Petitioner argues that the state trial court

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jennifer G. Zipps, Chief United States District Judge
for the District of Arizona, sitting by designation.

violated his right to due process by excluding his expert's testimony and denying his request for a continuance to find a replacement. *See Chambers v. Mississippi*, 410 U.S. 284, 302 (1973); *Ungar v. Sarafite*, 376 U.S. 575, 588–91 (1964).

We review a district court's denial of a habeas corpus petition de novo. *Murray v. Schriro*, 745 F.3d 984, 996 (9th Cir. 2014). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when, as here, a state court has adjudicated a petitioner's claim on the merits, we may grant relief only if "the state court's decision was (1) contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Sherman v. Gittere*, 92 F.4th 868, 875 (9th Cir. 2024) (quoting 28 U.S.C. § 2254(d)(1)–(2)) (quotation marks omitted). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We affirm.[1]

1. Petitioner contends that the California Court of Appeals ("CCA") based its decision to affirm the state trial court's ruling on an unreasonable determination of the facts in light of the evidence presented in his case. We must review the decision using the same framework used by the CCA. *Brumfield v.*

---

[1] We grant Petitioner's motion for judicial notice of his expert's proposed presentation and transcript of his expert's testimony in a prior case.

*Cain*, 576 U.S. 305, 313 (2015). "We may not characterize . . . state-court factual determinations as unreasonable 'merely because [we] would have reached a different conclusion in the first instance.'" *Id.* at 313–14 (alteration in original) (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)). If "'[r]easonable minds reviewing the record might disagree' about the finding in question, 'on habeas review that does not suffice to supersede the trial court's . . . determination.'" *Wood*, 558 U.S. at 301 (alterations in original) (quoting *Rice v. Collins*, 546 U.S. 333, 341–342 (2006)).

A state court may make an unreasonable determination of the facts by neglecting to make a finding of fact when it should have done so, making factual findings under a misapprehension as to the correct legal standard, engaging in a defective fact-finding process, or ignoring evidence that supports the petitioner's claim. *See Kipp v. Davis*, 971 F.3d 939, 953–54 (9th Cir. 2020) (citing *Taylor v. Maddox*, 366 F.3d 992, 1000–01 (9th Cir. 2004), *abrogated on other grounds by Murray*, 745 F.3d at 999–1000). Here, the CCA made reasonable factual determinations when it upheld the trial court's decision to exclude the testimony of Petitioner's expert, Dr. Bruce Krell ("Dr. Krell"). It accurately described Dr. Krell's detailed testimony regarding his training and experience. The CCA noted that Dr. Krell had a PhD in applied mathematics, taught a ballistics class at a Marine sniper school, and had testified 25 or 30 times as an expert, including 15 or

20 times as a ballistics expert. Unlike the state court in *Kipp*, the CCA did not ignore evidence that supported Petitioner's claim. *See* 971 F.3d at 955. Petitioner's disagreement is with the conclusions the CCA made based on the facts of his case rather than with its determination of the facts themselves.

Petitioner's contention that the CCA made an unreasonable determination of the facts when it upheld the trial court's decision to deny his request for a continuance is similarly mistaken. The CCA recounted that Dr. Krell was appointed from the Los Angeles County Superior Court's criminal expert panel while Petitioner was *pro se* and that the prosecution never challenged Dr. Krell's qualifications at Petitioner's first trial. The CCA found that the prosecution expressed concerns about Dr. Krell to defense counsel several months before Petitioner's second trial while noting that the prosecution and defense disagreed about the nature of these concerns. The CCA correctly stated that Petitioner never suggested that he could find a qualified expert who would have shared Dr. Krell's opinion. Petitioner's disagreement is with the CCA's conclusions, such as its determination that he would not have benefited from a continuance, rather than with the facts it relied upon to reach its conclusions.

2.     Petitioner also argues that the CCA's decision was contrary to, and an unreasonable application of, clearly established Federal law as determined by the Supreme Court. "A state court decision is 'contrary to' clearly established

4

Supreme Court precedent if the state court applies a rule that contradicts the governing law set forth in Supreme Court cases *or* if the state court confronts a set of facts materially indistinguishable from those at issue in a decision of the Supreme Court and, nevertheless, arrives at a result different from its precedent." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) (citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)). "[U]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer*, 538 U.S. at 75. We cannot grant a petition "simply because [we] conclude[] in [our] independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 411 (2000) (O'Connor, J., concurring).

Petitioner maintains that the CCA's decision was contrary to *Chambers* because it failed to consider the impact of the trial court's evidentiary rulings in total. 410 U.S. at 298. Petitioner asks that we consider whether the trial court's decisions, in conjunction, "denied him a trial in accord with traditional and fundamental standards of due process." *Id.* at 302.

However, the trial court's decision to deny his request for a continuance was not an evidentiary ruling. Petitioner fails to identify another evidentiary ruling that

5

the CCA should have considered along with the trial court's decision to exclude Dr. Krell's testimony. *Chambers* does not clearly establish that a trial court's evidentiary ruling, when considered with its decision to deny a request for a continuance, may amount to a violation of an individual's right to due process.

The CCA's application of *Chambers* was also reasonable. The CCA relied upon evidence in the record, such as Dr. Krell's lack of formal training in bullet trajectory and crime scene reconstruction, to uphold the trial court's decision. That jurists may disagree whether it was correct to uphold the trial court's exclusion of Dr. Krell's testimony and not delay trial further does not satisfy Petitioner's burden under AEDPA. *See Nevada v. Jackson*, 569 U.S. 505, 508–09 (2013) ("It is settled that a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that 'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents.'" (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011))).

**AFFIRMED.**